The STATE of Ohio, Appellee,

v.

LEE, Appellant.

[Cite as *State v. Lee*, 191 Ohio App.3d 219, 2010-Ohio-6276.]

Court of Appeals of Ohio,
Twelfth District, Fayette County.

No. CA2010–05–011.

Decided Dec. 20, 2010.

220

David B. Bender, Fayette County Prosecuting Attorney, and Kristina M. Rooker, Assistant Prosecuting Attorney, for appellee.

Saia & Piatt, Inc., Jon J. Saia, and Jessica G. Fallon, for appellant.

_____

RINGLAND, Judge.

{¶ 1} Defendant-appellant, Peter V. Lee Jr., appeals his conviction from the Fayette County Court of Common Pleas for operating a vehicle under the influence.

{¶ 2} On December 18, 2009, a trooper from the Ohio State Highway Patrol initiated a traffic stop of appellant's vehicle after observing the vehicle traveling 89 m.p.h. in an area with a posted speed limit of 65 m.p.h. After the trooper observed appellant's poor performance of field sobriety tests, the trooper placed appellant in his vehicle. Appellant admitted that he had been drinking that evening and submitted to a breath test, which registered at .240 grams of alcohol per 210 liters of breath. Appellant was arrested and charged with operating a vehicle under the influence in violation of R.C. 4511.19(A)(1)(a) and operating with a prohibited alcohol concentration in violation of R.C. 4511.19(A)(1)(h). Appellant's BMV transcript revealed that he had five prior OVI convictions, two of which were felony convictions. As a result, the indictment also included felony-enhancement specifications based upon appellant's previous convictions.

{¶ 3} Appellant filed motions to suppress his prior OVI convictions and to dismiss the specification, which were overruled by the trial court. Following a jury trial, appellant was found guilty as charged, including a specification that elevated the offense to a felony of the third degree. Appellant filed a motion for acquittal, arguing that the evidence did not support the jury verdict. The trial court overruled the motion and sentenced appellant to six years in prison. Appellant timely appeals, raising two assignments of error. We address appellant's assignments of error out of order.

{¶ 4} Assignment of Error No. 2:

{¶ 5} "The trial court erred in overruling defendant-appellant's motion for acquittal pursuant to Crim.R. 29(C)."

{¶ 6} Our review of a trial court's denial of a Crim.R. 29 motion for acquittal is governed by the same standard as that used for determining whether a verdict is supported by sufficient evidence. *State v. Rodriguez*, Butler App. No. CA2008–07–162, 2009-Ohio-4460, 2009 WL 2762754, ¶ 60. Whether the evidence presented is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. An appellate court, in reviewing the sufficiency of the evidence supporting a criminal conviction, examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Carroll*, Clermont App. Nos. CA2007–02–030 and CA2007–03–041, 2007-Ohio-7075, 2007 WL 4555782, ¶ 117. After examining the evidence in a light most favorable to the prosecution, the appellate court must then determine if "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. Proof beyond a reasonable doubt is "proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." R.C. 2901.05(D).

{¶ 7} R.C. 4511.19(A)(1)(a) provides that "[n]o person shall operate any vehicle * * * if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." Similarly, R.C. 4511.19(A)(1)(h) provides that "[n]o person shall operate any vehicle * * * if, at the time of the operation, [t]he person has a concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath."

{¶ 8} The state also pursued felony-enhancement specifications for the offenses based upon appellant's prior OVI convictions. "An offender who previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony, regardless of when the violation and the conviction or guilty plea occurred, is guilty of a felony of the third degree." R.C. 4511.19(G)(1)(e). "[A]n offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations [operating a vehicle under the influence and/or operating a vehicle with a prohibited alcohol concentration] is guilty of a felony of the fourth degree." R.C. 4511.19(G)(1)(d).

{¶ 9} There is no dispute that the state presented sufficient evidence to convict appellant of OVI pursuant to R.C. 4511.19(A)(1)(a) and (h). Appellant was observed speeding along Interstate 71 in Fayette County and a traffic stop was initiated. The highway patrol officer observed that appellant's eyes were glassy and bloodshot, his movements were jittery and erratic, and a strong odor of alcoholic beverage was emanating from the vehicle. Appellant was unable to perform a one-leg-stand sobriety test and was placed in the officer's vehicle. Appellant later admitted that he had been drinking and submitted to a breath test, which registered .240 grams of alcohol per 210 liters of breath.

{¶ 10} Instead, in his second assignment of error, appellant challenges the jury verdict form and the evidence relating to the specification that elevated the offense to a third-degree felony. An interrogatory on the jury form asked the jury to determine the number of appellant's prior felony convictions of operating a vehicle under the influence and/or operating with a prohibited alcohol concentration. The jury concluded on the verdict form that appellant had five prior felony convictions. Appellant argues that reversal of the specification is necessary, since he had only two prior felony convictions.

{¶ 11} The state submitted evidence at trial indicating that appellant had five prior OVI convictions, two of which were felonies. After review of the record in a light most favorable to the prosecution, we find that sufficient evidence was submitted to convict appellant of the OVIs with the specifications as charged. The BMV record revealed that appellant had five prior OVI convictions, two of which were felonies.

{¶ 12} However, we are troubled by the jury verdict form and the jury's conclusion that all of appellant's prior convictions were felonies, which demonstrates that the jury was clearly confused regarding the nature of the prior convictions.

{¶ 13} In *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, the Ohio Supreme Court reviewed a case involving a defective verdict form. Pelfry, who was hired by Enviro–Test Systems to perform automobile-emissions tests ("E–Checks"), was charged with tampering with records for falsifying an E–Check form in exchange for a bribe. Id. at ¶ 3. Tampering with records is a misdemeanor. However, the offense is enhanced to a third-degree felony if the tampering involved government records. Id. Pelfry was found guilty of the enhanced offense and sentenced to four years in prison. Id. Pelfry appealed, alleging defects in the verdict form. Id. at ¶ 4. Neither the verdict form nor the trial court's entry set forth the degree of the offense, nor had the jury found that the records involved were government records. Id. Citing R.C. 2945.75(A), the Supreme Court found the verdict form insufficient to convict Pelfry of the enhanced version of the offense. Id. at ¶ 13. Due to the omission, the court reversed Pelfry's conviction for tampering with government records and remanded the matter to the trial court, instructing the court to enter a judgment convicting Pelfry of misdemeanor tampering with records. Id. at ¶ 15. See R.C. 2945.75(A)(2). See also *State v. Schwable*, Henry App. No. 7–09–03, 2009-Ohio-6523, 2009 WL 4756435.

{¶ 14} *Pelfrey* is inapplicable to the case at bar because the verdict form itself in this case was not defective. Our review of this matter presents a more unusual issue. Specifically, the form in this case contained the appropriate interrogatories to enhance the conviction. Unlike *Pelfrey*, error exists in this case because the jury's findings on the form were not reflective of the evidence presented at trial.

{¶ 15} The state suggests that since the jury was required to find only that appellant had committed one prior felony OVI to enhance the conviction to a third-degree felony, the jury's finding of five felonies implicitly means that the jury would have found at least one felony and, as a result, any error is harmless. We are unpersuaded by the state's argument, primarily due to the clear confusion of the jury in this case.

{¶ 16} The state submitted appellant's driving record as Exhibit 4 in this case. The prosecutor explained during closing argument that the BMV records reflect that "there are five prior OVI convictions, and included in those five prior OVI convictions are two felony OVI convictions in the Cuyahoga Common Pleas Court." Yet the jury remained confused about the document and the distinction between a felony and misdemeanor. The jury was given no guidance by the

prosecution, the defense, or the court regarding how to interpret the BMV record or how a felony is distinguished from a misdemeanor in the BMV record.

{¶ 17} We cannot accept a jury verdict form when the findings to the interrogatories on the form are not supported by the evidence in the record. Although the evidence was sufficient to support appellant's convictions for OVI with the specification, the jury was clearly confused regarding appellant's prior felony OVI convictions, which resulted in an inaccurate and inconsistent jury verdict. Specifically, the jury's finding of five prior felony OVI convictions is not supported by the evidence. The jury was clearly confused regarding the distinction between a felony and a misdemeanor and how many of appellant's previous convictions were felonies. As a further result, we cannot accept the state's argument urging us to conclude that the jury implicitly found at least one felony because we do not know, nor do we wish to speculate, whether the jury would have found the presence of any felonies when weighing the evidence.[1]

{¶ 18} Appellant's second assignment of error is sustained. We reverse the conviction based upon the inaccurate and inconsistent findings of the felony-enhancement specifications and remand the matter for a new trial.[2] See *State v. Huckabee*, Cuyahoga App. No. 83458, 2004-Ohio-5593, 2004 WL 2361817, ¶ 34, 36.

{¶ 19} Assignment of Error No. 1:

{¶ 20} "The trial court erred in permitting plaintiff-appellee to introduce an improperly certified Bureau of Motor Vehicles transcript as evidence of defendant-appellant's prior convictions."

{¶ 21} In his first assignment of error, appellant challenges the BMV transcript offered as evidence of his prior convictions. Appellant argues that the transcript was neither properly certified nor sufficient to be self-authenticating because it was not authenticated by a live witness and did not contain a notarization, signature, or affidavit from an individual at the BMV.

{¶ 22} Although we have already found reversible error under appellant's second assignment of error, we shall nevertheless address this assignment of

---

1. As stated by the Ohio Supreme Court in *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, when an individual is convicted but the trier of fact fails to find sufficient evidence to support an enhancement provision, "a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." R.C. 2945.75(A)(2). In his brief, appellant argues that if we reverse the jury's finding of the enhancement provision, he can only be convicted of misdemeanor OVI pursuant to R.C. 2945.75(A)(2). We find R.C. 2945.75 inapplicable to this case because the jury did find sufficient evidence to support the enhancement provisions, but its findings were clearly inaccurate.

2. During oral argument in this matter, both parties agreed that if we reverse this matter based upon an inaccurate or inconsistent jury verdict, the proper remedy would be to remand the case for a new trial.

error because the issue at hand is capable of repetition, yet evading review. See *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 5.

{¶ 23} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. An appellate court will not disturb evidentiary rulings absent an abuse of discretion that produced a material prejudice to the aggrieved party. *State v. Roberts*, 156 Ohio App.3d 352, 2004-Ohio-962, 805 N.E.2d 594, ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, 836 N.E.2d 1173, ¶ 181. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

{¶ 24} R.C. 2945.75(B) provides:

{¶ 25} "(1) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.

{¶ 26} "(2) Whenever in any case it is necessary to prove a prior conviction of an offense for which the registrar of motor vehicles maintains a record, a certified copy of the record that shows the name, date of birth, and social security number of the accused is prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record."

{¶ 27} Evid.R. 901 provides that authentication or identification of a piece of evidence is a condition precedent to the admissibility of that evidence. Evid.R. 902 lists certain items that are self-authenticating so as to negate the need for any extrinsic evidence in support of the item's admissibility. An item that is not self-authenticating must be properly authenticated by other means.

{¶ 28} The issue in this case is similar to the situation in *State v. McCallum*, Medina App. No. 08CA0037–M, 2009-Ohio-1424, 2009 WL 805805. Like the case at bar, McCallum was charged with a fourth-degree-felony OVI for being previously convicted of five similar offenses within the past 20 years. Id. at ¶ 4. As evidence of her previous convictions, the prosecution submitted a "copy of McCallum's driving record and a copy of a cover sheet signed by Mike Rankin and marked 'Driver Record Certification.' " Id. at ¶ 22. The *McCallum* court found, "Rankin indicates on the cover page that he is the Registrar and custodian of the files and records for the BMV and that 'the attached documents are true and accurate copies of the records in [his] custody.' Yet Exhibit 2 is not

notarized and does not contain an official seal. \* \* \* Moreover, Rankin did not testify at trial. \* \* \* Exhibit 2 was not self-authenticating because it lacked a seal, notarization, or affidavit attesting to its authenticity. \* \* \* [T]he State only introduced a photocopy of the document. \* \* \* [N]o one from the BMV testified. The State introduced Exhibit 2 through the testimony of Deputy Seiberling. Deputy Seiberling was in no position to attest to Exhibit 2's authenticity or propriety because he had no personal knowledge of the contents of the exhibit. See Evid.R. 901 (providing that an item may be authenticated through the testimony of a witness with knowledge). Accordingly, the trial court erred in admitting Exhibit 2." Id. at ¶ 22–23.

{¶ 29} Appellant's BMV transcript in this case contains similar deficiencies. The transcript in this case is accompanied by a cover page stating that "[t]his certifies that a search has been made of the files and records of the Ohio Registrar of Motor Vehicles; that the attached documents are true and accurate copies of the files or records of the Registrar; and that the Registrar's official seal has been affixed in accordance with the Ohio Revised Code (R.C.) 4501.34(A), which states in part: '[The Registrar] shall adopt a seal bearing the inscription: Motor Vehicle Registrar of Ohio. The seal shall be affixed to all writs and authenticated copies of records, when it has been so attached, such copies shall be received in evidence with the same effect as other public records. All courts shall take judicial notice of the seal.' " Further, the cover page contains an official seal, which was printed on the document.

{¶ 30} However, no individual or employee of the Bureau of Motor Vehicles is identified on the document as certifying the record and there is no signature, notarization, or affidavit attesting to the record's authenticity. The cover page contains a notation indicating that the record may have been created "By: TVNSICKL." Yet no further information is given to suggest the identity of this individual, the individual's position at the BMV, or the individual's knowledge of appellant's driving record. Absent such information and a signature attesting to the record's authenticity, the document does not qualify as a certified record under R.C. 2945.75(B). Moreover, R.C. 4501.34(A) allows for BMV records to be admitted into evidence, but it similarly requires that these records be "authenticated." Without identification of an individual attesting to the record's authenticity or a signature providing for the records authenticity, no "authentication" exists. See Evid.R. 901. Like the state in *McCallum*, the prosecution in this case attempted to introduce appellant's BMV record through the testimony of the arresting officer, but, as in *McCallum*, the officer is not an individual capable of authenticating the record because he had no personal knowledge of the contents of the exhibit.

{¶ 31} Further, Evid.R. 902 allows certain types of evidence to be admitted as self-authenticating. The BMV record in this case does not qualify under any category of self-authenticating evidence. The applicable provisions of Evid.R. 902 under which a BMV record could arguably qualify provide as follows:

{¶ 32} "(1) Domestic public documents under seal. A document bearing a seal purporting to be that of * * * any State * * * or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

{¶ 33} "(2) Domestic public documents not under seal. A document purporting to bear the signature in the official capacity of an officer or employee of any entity included in paragraph (1) hereof, having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine. * * *

{¶ 34} "(4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio. * * *

{¶ 35} "(8) Acknowledged documents. Documents accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments. * * *

{¶ 36} "(10) Presumptions created by law. Any signature, document, or other matter declared by any law of a jurisdiction, state or federal, to be presumptively or prima facie genuine or authentic."

{¶ 37} Subsections (1) and (2) of Evid.R. 902 both require an accompanying signature. As described above, the BMV record in this case bears no signature. Subsection (4) states that the record must be accompanied by an acknowledgement from a "custodian or other person authorized to make the certification." There is no indication on the BMV record that a custodian or authorized individual certified the record. The section also refers to subsections (1), (2), and (3), which require accompanying signatures. Subsections (8) and (10) refer to documents executed or declared by law to be authentic. In this case, the applicable Ohio law for authenticating BMV records is R.C. 4501.34(A). As previously discussed, the BMV record does not comply with R.C. 4501.34(A). Accordingly, the BMV record submitted in this case does not qualify as a self-authenticating document under Evid.R. 902.

{¶ 38} We find that the trial court erred by admitting the BMV record. *McCallum* at ¶ 23. Appellant's first assignment of error is sustained.

{¶ 39} The judgment is reversed, and the cause is remanded.

Judgment accordingly.

YOUNG, P.J., and BRESSLER, J., concur.