[Cite as *State v. Russell*, 2013-Ohio-1381.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-03-066 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 4/8/2013 |
| - vs - | | |
| | : | |
| GEORGE ASBERRY RUSSELL, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-11-1910

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Fred Miller, Baden & Jones Building, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, George Asberry Russell, appeals his convictions in the Butler County Court of Common Pleas for domestic violence and abduction. For the reasons stated below, we affirm.

{¶ 2} In the early morning hours of November 2, 2011, Middletown Police Department responded to a 9-1-1 emergency call at the home of appellant and Toni Annette

McKnight. McKnight and appellant were in a relationship and had lived together for three years. The 9-1-1 call was made by a neighbor, who reported that a man was beating a woman at appellant's residence and that the woman was yelling to stop touching her.

{¶ 3} Upon arrival at the home, the police officers knocked on the door and identified themselves. McKnight then came to a second-story window and started yelling for help. The officers attempted to force entry into the residence but before they could, appellant opened the door. Upon entry into the apartment, police found McKnight distraught and crying. McKnight told police she had been held in the apartment since 6:00 p.m. and struck several times in the head and in the face. An officer observed that McKnight's left cheek was a little swollen. Appellant denied McKnight's accusations. Thereafter, appellant was arrested. On December 14, 2011, appellant was indicted on one count of felony domestic violence and one count of abduction.

{¶ 4} On February 2, 2012, a jury trial was held. At trial, McKnight testified that on November 2, 2011, appellant told her she could not leave the house after she requested to use his phone to call her brother. During the night, appellant grabbed her by the hair, hit her in the back of the head, struck her with an open palm on her face and head, kicked her in the stomach, and shoved her in the stomach with a board. A picture taken on November 2, 2011, showed swelling on McKnight's left cheek, bruising on her arm, and scrapes on her wrists. Appellant told her that if she tried to leave, he would "take [her] down a dark alley and cut [her] into pieces and no one would ever find [her]."

{¶ 5} Appellant testified in his own defense. Appellant denied causing McKnight's injuries. Instead, he explained that the left side of McKnight's face was "puffy" because she was "jumped" earlier that day. Additionally, he stated that McKnight's face was swollen because she punched herself to prevent appellant from leaving when the couple was having an argument. Appellant also denied causing the wounds on McKnight's wrists, explaining

- 2 -

that she cut her wrists that night in a suicide attempt. Further, appellant stated that he would not permit McKnight to leave the apartment when he learned that she wanted to go to her brother's house because she uses drugs with him.

{¶ 6} After the presentation of all the witnesses, a unanimous jury found appellant guilty of abduction and domestic violence. Appellant's domestic violence conviction was elevated to a third-degree felony because he had previously been convicted of two or more domestic violence offenses. Appellant was then sentenced to an aggregate prison term of 36 months.

{¶ 7} Appellant now appeals, asserting five assignments of error. We will begin with appellant's second assignment of error.

{¶ 8} Assignment of Error No. 2

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT PERMITTED THE STATE TO SUBMIT EVIDENCE OF A THIRD CONVICTION OF DOMESTIC VIOLENCE WHEN THE STATE'S BURDEN WAS TO PROVE ONLY TWO PRIOR CONVICTIONS.

{¶ 10} Appellant argues that the trial court erred when it admitted judgment entries of three of appellant's prior domestic violence convictions. Appellant was charged with committing domestic violence in violation of R.C. 2919.25(A). While this offense is usually a misdemeanor in the first degree, the crime is elevated to a third-degree felony if the defendant has been convicted of "two or more" domestic violence offenses. R.C. 2919.25(D)(4). Thus, appellant argues that admitting three prior convictions when only two were required to elevate the degree of the conviction resulted in unfair prejudice.

{¶ 11} The admission or exclusion of relevant evidence rests within the sound

discretion of the trial court.[1] *State v. Lee*, 191 Ohio App.3d 219, 2010-Ohio-6276 (12th Dist.), ¶ 23, citing *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. An appellate court will not disturb evidentiary rulings absent an abuse of discretion that produced a material prejudice to the aggrieved party. *Lee* at ¶ 23. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 181.

{¶ 12} When existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state beyond a reasonable doubt. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 8. Additionally, Evid.R. 403(A) provides that the exclusion of relevant evidence is mandatory where the "probative value [of the evidence] is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." For the evidence to be excluded on this basis, "the probative value must be minimal and the prejudice great." *State v. Morales*, 32 Ohio St.3d 252, 257 (1987). Further, "[e]vidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Evid.R. 404(A).

{¶ 13} R.C. 2919.25(A) states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." If the offender has been previously convicted of "*two or more*" offenses of domestic violence, any law or ordinance substantially similar to domestic violence, or any offense of violence if the victim was a family or household member at the time of the offense, then a violation of R.C. 2919.25(A) is a *felony of the third degree*. R.C. 2919.25(D)(4).

---

1. Appellant maintains in his brief that he did not object to the introduction of the third conviction at trial as surplus evidence for purposes of elevating the degree of his domestic violence conviction. However, a review of the record demonstrates otherwise.

{¶ 14} In support of his argument, appellant points to other Ohio appellate districts which have found that admitting surplus evidence of prior convictions to increase the degree of the crime at issue was in error. *State v. Totarella*, 11th Dist. No. 2002-L-147, 2004-Ohio-1175; *State v. Lautenslager*, 3d Dist. No. 9-82-43, 1983 WL 7297(July 12, 1983). In *Totarella*, the court found it was an abuse of discretion to admit evidence of two prior convictions in a carrying concealed weapons case when the statutory language required proof of a single conviction of an "offense of violence." *Id.* at ¶ 35. Similarly, in *Lautenslager*, the court found that evidence of more than one prior theft offense to elevate the present theft offense was inadmissible when the statutory language required proof of "*a* theft offense." (Emphasis added.) *Id.* at *3.

{¶ 15} We find that the trial court did not abuse its discretion in admitting evidence of appellant's three prior domestic violence convictions. We begin by noting that while we are not governed by the decisions of the Eleventh and Third Districts, these cases are distinguishable. In both *Totarella* and *Lautenslager*, the statutory language stated that the degree of an offense would be elevated if the defendant had been charged with *a single* previous offense. However, in this case, the express statutory language of R.C. 2919.25(D)(4) elevates the crime to a third-degree felony when the defendant commits "*two or more offenses of domestic violence.*" Therefore, these cases are distinguishable as R.C. 2919.25 expressly allows for evidence of multiple convictions.

{¶ 16} Additionally, we do not find the probative value of the third conviction was substantially outweighed by its prejudicial effect. At trial, appellant did not offer to stipulate to any of his prior domestic violence convictions. Therefore, the jury could have rejected one of the prior convictions and needed the other two to elevate the offense to a third-degree felony. *See State v. Henton*, 121 Ohio App.3d 501, 506 (11th Dist.1997) (noting that admitting multiple prior offenses might be proper if defendant did not stipulate). Appellant only admitted

to these convictions, after the trial court admitted the three judgment entries into evidence. Lastly, the trial court instructed the jury that evidence of appellant's past convictions cannot be used to show he acted in conformity with these past acts.[2] The jury is presumed to have followed the trial court's limiting instructions. *State v. Standifer*, 12th Dist. No. CA2011-07-071, 2012-Ohio-3132, ¶ 38.

{¶ 17} Accordingly, we find the trial court did not abuse its discretion in admitting evidence of three of appellant's past domestic violence convictions. Appellant's second assignment of error is overruled.

{¶ 18} Assignment of Error No. 1

{¶ 19} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT PERMITTED THE STATE TO SUBMIT AN UNSIGNED ENTRY AS EVIDENCE OF A PRIOR CONVICTION.

{¶ 20} Appellant argues the court erred when it improperly admitted a judgment entry of one of his prior domestic violence convictions. Appellant maintains that the entry was improperly admitted because it did not contain the judge's signature.

{¶ 21} An appellate court will not disturb a trial court's evidentiary rulings absent an abuse of discretion. *Lee*, 191 Ohio App.3d 219, 2010-Ohio-6276 at ¶ 23. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981 at ¶ 181.

{¶ 22} When it is necessary to prove a prior conviction in a domestic violence case,

---

2. The trial court instructed the jury that evidence of appellant's prior convictions of domestic violence could not be considered to "prove the character of [appellant] in order to show that he acted in conformity with that character." Additionally, the court stated, "[e]vidence was received that the defendant was convicted of domestic violence in the past. That evidence was received because prior convictions are an element of the offense. It was not received and you may not consider it to show the character of the defendant or to show that he acted in conformity with that character on November 1st and 2nd of 2011."

the state may prove the past conviction pursuant to R.C. 2945.75(B)(1). *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, ¶ 14. R.C. 2945.75(B)(1) provides that the state may prove the prior conviction with "a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar." While R.C. 2945.75(B)(1) is not the exclusive method of proving a conviction, when "the state choses to offer judgment entries to prove the element of prior domestic violence convictions in order to increase the offense level of a later domestic-violence charge under R.C. 2919.25(D)(4), the judgments must comply with Crim.R. 32(C)." *Gwen* at ¶ 23.

{¶ 23} Crim.R. 32(C) provides that "[a] judgment of conviction shall set forth the plea, the verdict, or findings upon which each conviction is based and the sentence. * * * *The judge shall sign the judgment* and the clerk shall enter it on the journal." (Emphasis added.) Therefore, under Crim.R. 32(C), "a judgment entry *must set forth* (1) the fact of a conviction, (2) the sentence, (3) *the judge's signature*, and (4) the time stamp indicating the entry upon the journal by the clerk." (Emphasis added.) *Gwen* at ¶ 23.

{¶ 24} Prior to appellant taking the stand, the state introduced three certified copies of judgment entries. One of these entries concerned appellant's 1997 domestic violence conviction in the Middletown Municipal Court. This entry did not contain the judge's signature. Subsequently, on direct examination, appellant admitted that he had been convicted of domestic violence on three different occasions. Specifically, appellant confessed that in 1997 he was convicted of domestic violence in the Middletown Municipal Court.

{¶ 25} We find that the trial court erred in admitting the 1997 judgment entry of conviction when it was unsigned by the judge. Therefore, the trial court abused its discretion in admitting a judgment entry to prove a prior conviction that did not contain the judge's

signature.

{¶ 26} However, while we find the admission of the entry constituted error, the error was harmless. Crim.R. 52(A). First, while on the stand appellant admitted that he was previously convicted of domestic violence in 1997. The Supreme Court noted in *Gwen* that the defendant's admission that he had been convicted of domestic violence proved one of the prior offenses. *Id.* at ¶ 21. Second, as discussed in the second assignment of error, the elevation of appellant's domestic violence conviction to a third-degree felony under R.C. 2919.25(D)(4) required proof of at least two prior domestic violence convictions. While the admission of appellant's 1997 conviction was in error, it was not required to raise the offense to a felony of the third degree. Third, the admission of the 1997 conviction was not unfairly prejudicial and did not entice the jury to convict him based on his prior bad acts. The trial court instructed the jury that it could not consider appellant's prior convictions to prove his character and show that he acted in conformity with that character. *See Standifer*, 12th Dist. No. CA2011-07-071, 2012-Ohio-3132 at ¶ 38.

{¶ 27} Appellant's first assignment of error is overruled.

{¶ 28} Assignment of Error No. 3

{¶ 29} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW INTO EVIDENCE A VALID JUDGMENT ENTRY OF CONVICTION INVOLVING FALSITY BY A STATE'S WITNESS.

{¶ 30} Appellant argues that the court abused its discretion when it refused to admit into evidence a judgment entry of McKnight's conviction of a crime involving dishonesty. Appellant asserts that this denial prevented him from establishing the name of the crime, the time and place of conviction, and the punishment imposed. Consequently, appellant maintains that in a case which hinged almost entirely on credibility, the refusal to admit McKnight's prior conviction prejudiced appellant. The state responds by arguing that once a

witness admits that they have been convicted of a crime of dishonesty, Evid.R. 609(F) prohibits the trial court from admitting the entry of conviction into evidence.

{¶ 31} As previously noted, an appellate court will not disturb a trial court's evidentiary rulings absent an abuse of discretion which is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Lee*, 2010-Ohio-6276 at ¶ 23; Jackson, 2005-Ohio-5981 at ¶ 181.

{¶ 32} Evid.R. 609 provides in relevant part:

> (A) General Rule. For the purpose of attacking the credibility of a witness:
>
> (3) Notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that any witness, including an accused, has been convicted of a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance.

{¶ 33} Under Evid.R. 609(A)(3), "all convictions for crimes involving dishonesty or false statement, regardless of the possible punishment, are admissible for purposes of impeaching witnesses." *State v. McCrackin*, 12th Dist. No. CA2001-04-096, 2002-Ohio-3166, ¶ 34. The parties do not contest that McKnight's conviction of making a false police report was a crime of dishonesty.

{¶ 34} Evid.R. 609(F) provides the methods of proving a prior conviction. It states,

> [w]hen evidence of a witness's conviction of a crime is admissible under this rule, the fact of the conviction may be proved only by the testimony of the witness on direct or cross-examination, or by public record shown to the witness during his or her examination. If the witness denies that he or she is the person to whom the public record refers, the court may permit the introduction of additional evidence tending to establish that the witness is or is not the person to whom the public record refers.

{¶ 35} Prior to trial, the State stipulated out of the presence of the jury that McKnight had been convicted of making a false police report in 2007. The trial court held that this conviction involved dishonesty and defense could ask McKnight questions regarding the

offense on cross-examination. Subsequently, during cross-examination, McKnight admitted that she was convicted of making a false report. After this admission, appellant's counsel attempted to introduce into evidence a copy of McKnight's conviction. The state objected, arguing that because McKnight agreed that she was convicted of a crime of dishonesty, evidence of her conviction was not admissible. The trial court sustained the objection.

{¶ 36} We will begin by addressing the state's contention that because McKnight admitted that she was convicted of a crime involving dishonesty, the trial court was prohibited from introducing into evidence a copy of her conviction. We disagree with this interpretation of Evid.R. 609(F). While Evid.R. 609(F) provides that the fact of a prior conviction for purposes of impeachment may be proved by the testimony of the witness or by public record shown to the witness, this rule does not prohibit the trial court from admitting a judgment entry of conviction into evidence. Rather, evidentiary decisions are within the sound discretion of the trial court. It is the trial court's discretion to determine whether the witness's admission of the prior conviction and proof by public record is cumulative and redundant to the extent that one or the other ought not to be submitted to the jury. *See* Evid.R. 403(B). Therefore, when a witness is impeached regarding a conviction involving dishonesty, it is within the trial court's discretion whether to admit into evidence the prior conviction.

{¶ 37} McKnight admitted on cross-examination that she was convicted of making a false police report. Therefore, the jury was aware that she was convicted of a crime involving dishonesty. During closing arguments, appellant's counsel reminded the jury of McKnight's conviction and argued that her past conviction showed that her testimony was not credible. Thus, it is clear that the jury was aware of McKnight's past conviction and appellant was able to argue that this conviction showed she was not credible without the admission of a copy of the conviction into evidence.

{¶ 38} Additionally, we disagree with appellant's argument that the court's decision

- 10 -

prevented him from establishing the name of the crime, the time and place of conviction, and the punishment imposed pursuant to *State v. Amburgey*, 33 Ohio St.3d 115 (1987). In *Amburgey*, the Ohio Supreme Court held, "[u]nder Evid.R. 609, a trial court has broad discretion to limit any questioning of a witness on cross-examination which asks more than the name of the crime, the time, and place of conviction and the punishment imposed, when the crime is admissible solely to impeach general credibility." *Id.* at syllabus.

{¶ 39} Appellant's argument fails for two reasons. First, appellant misconstrues the holding of *Amburgey*. The Court in *Amburgey* merely held that due to the discretion a trial court exercises over cross-examination, it does not err when it *limits* cross-examination regarding an impeachment offense to the name of the crime, the time and place of conviction, and the punishment imposed. The Court did not hold that a trial court *must* allow cross-examination regarding these matters. Second, even if this was the holding of *Amburgey*, the evidence does not establish that the trial court prevented counsel from inquiring into the name of the crime, the time and place of conviction, and the punishment imposed. Instead, the trial court only denied admission of a certified copy of McKnight's conviction into evidence; it did not prevent counsel from questioning McKnight further about the conviction. Accordingly, the trial court did not err by refusing to admit a copy of McKnight's conviction or by allowing counsel to question McKnight regarding the conviction.

{¶ 40} Appellant's third assignment of error is overruled.

{¶ 41} Assignment of Error No. 4

{¶ 42} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT PERMITTED THE STATE TO REHABILITATE THE STATE'S WITNESS'S CREDIBILITY DURING DIRECT EXAMINATION.

{¶ 43} Appellant argues that the court erred when it permitted the state to question McKnight regarding the circumstances surrounding her false report conviction. After the

admission of McKnight's conviction of dishonesty on cross-examination, the trial court permitted the state to inquire about the facts and circumstances surrounding the conviction. Appellant contends this was in error and resulted in prejudice because of the importance of credibility in this case.

**{¶ 44}** Appellant failed to object to the state's questions regarding the circumstances of McKnight's conviction. Accordingly, appellant has waived all but plain error on appeal. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 26. Plain error is present only if the error is obvious and, but for the error, the outcome of the trial clearly would have been different. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 108.

**{¶ 45}** As noted in the third assignment of error, Evid.R. 609(A)(3) permits the credibility of a witness to be attacked by evidence that the witness has been convicted of a crime of dishonesty. Evid.R. 609 does not permit unlimited cross-examination with respect to facts surrounding a prior conviction. *State v. Harmon*, 9th Dist. No. 24495, 2009-Ohio-4512, ¶ 12, citing *State v. Robb*, 88 Ohio St.3d 59, 71 (2000). Instead, "[u]nder Evid.R. 609, a trial court has broad discretion to limit any questioning of a witness on cross-examination which asks more than the name of the crime, the time and place of conviction and the punishment imposed, when the conviction is admissible solely to impeach general credibility." *Amburgey*, 33 Ohio St.3d at syllabus. Further, impeachment of a witness under Evid.R. 609(A)(3) is subject to Evid.R. 403(B). Therefore, a trial court may exclude evidence "if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." Evid.R. 403(B).

**{¶ 46}** Generally, testimony regarding the facts and circumstances of a witness's conviction are not permissible when the witness is being impeached. *State v. Topping*, 4th Dist. No. 11CA6, 2012-Ohio-5617, ¶ 52. In *Topping*, the court was determining whether a cross-examiner violated Evid.R. 609 by questioning the defendant about the circumstances

of the crime. *Id.* at ¶ 50- 56. The court stated,

> [the cross-examiner] may ask about the name of the crime committed, i.e., murder or embezzlement. It will certainly add to the pungency of the impeachment where the crime was an aggravated one if he may ask about the circumstances, for example, whether the murder victim was a baby, the niece of the witness. And it has been suggested by a few courts that since proof by record is allowable, and the record might show some of these circumstances, the cross-examination should at least be permitted to touch all the facts that the record would. *On the whole, however, the more reasonable practice, minimizing prejudice and distraction from the issues, is the generally prevailing one that beyond the name of the crime, the time and place of conviction, and sometimes the punishment, further details such as the name of the victim and the aggravating circumstances may not be inquired into.* (Emphasis added.)

*Id.* at ¶ 52 quoting McCormick, *Evidence*, Section 42 at 57 (4th Ed.1992 Strong).

{¶ 47} Additionally, a court has held that where the state was simply trying to prove the defendant had a past conviction for purposes of enhancing the offense, testimony regarding the details of the prior convictions were not probative and highly prejudicial. *State v. Kaufman*, 10th Dist. No. 99AP-1366 (Nov. 9, 2000). *See State v. Franklin*, 178 Ohio App.3d 460, 2008-Ohio-4811, ¶ 79 (7th Dist.) (noting that impeaching a witness with prior conviction is limited to proving prior conviction and not facts surrounding conviction).

{¶ 48} In the case at bar, McKnight was impeached on cross-examination for her prior conviction involving dishonesty. During re-direct examination, the state asked McKnight a series of question regarding the details of her prior conviction. The following exchange occurred:

> [STATE]: What kind of false report did you make?
>
> [MCKNIGHT]: It was with the drug dealer, over a drug dealer.
>
> [STATE]: Were you involved in the drug deal?
>
> [MCKNIGHT]: No.

- 13 -

[STATE]: Tell us specifically – that doesn't help these ladies and gentlemen. I want to know what you told the police.

[MCKNIGHT]: I told the police – well, my friend wanted to go buy some drugs, and she said that this drug dealer ripped her off and I got mad about it. And she wasn't going to do anything, so I called 911. And I told them that he took my purse.

[STATE]: Okay. Was that to get the police there?

[MCKNIGHT]: Yes.

[STATE]: To address the other matter?

[MCKNIGHT]: Yes.

[STATE]: That was in '07?

[MCKNIGHT]: Yes.

{¶ 48} We find that this testimony was admitted in error. Under Evid.R. 609(A)(3), the only relevant considerations are whether a party was convicted of a crime of dishonesty and whether the conviction will lead to needless presentation of cumulative evidence. The circumstances surrounding the conviction are not pertinent. Permitting this type of testimony encourages the jury to make a decision about the present case on an improper basis. Additionally, this type of testimony can lead to a digression from the instant case into the facts and circumstances of the prior conviction.

{¶ 49} While this testimony was admitted in error, it does not constitute plain error. Appellant has failed to point to evidence that shows but for this error, the outcome of the trial would have been clearly otherwise. After re-direct examination, appellant was able to further attack McKnight's credibility regarding the conviction in re-cross-examination and closing arguments. Appellant's counsel used the facts that the state elicited on direct examination to elaborate about the details of McKnight's conviction and show her lack of credibility. Additionally, other evidence, such as the similarities between the 9-1-1 call and McKnight's testimony, McKnight's injuries, and the parties' behavior when the police arrived at their

home, corroborated McKnight's testimony.

{¶ 50} Accordingly, the trial court did not commit plain error in permitting McKnight's testimony regarding the circumstances of her conviction. Appellant's fourth assignment of error is overruled.

{¶ 51} Assignment of Error No. 5

{¶ 52} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT PERMITTED THE STATE'S CROSS EXAMINATION OF THE DEFENDANT TO EXCEED THE SCOPE OF ADMISSIBILITY.

{¶ 53} Appellant argues the trial court erred when it allowed the state to inquire about appellant's domestic violence convictions on cross-examination as this went beyond the scope of admissibility. Appellant also challenges some of the state's comments in its closing arguments. Appellant argues that some of the state's comments were designed to convince the jury that appellant had a bad character and to convict him based on his past actions. Lastly, appellant argues that his conviction should be reversed because the cumulative effect of all the errors in the trial deprived him of a fair trial.[3]

{¶ 54} Appellant failed to object to the state's questions regarding appellant's prior convictions and the state's comments during closing arguments. Accordingly, appellant has waived all but plain error on appeal. *Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391 at ¶ 26. Plain error is present only if the error is obvious and, but for the error, the outcome of the trial clearly would have been different. *Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126 at ¶ 108.

{¶ 55} As stated in the second assignment of error, appellant was charged with committing domestic violence in violation of R.C. 2919.25(A). A violation of R.C. 2919.25(A)

---

3. While appellant does not argue cumulative error as a separate assignment of error, he suggests in his conclusion that he was prejudiced by the cumulative effect of the errors. As such, we will address this argument in the fifth assignment of error.

- 15 -

is enhanced to a third-degree felony when the defendant has been convicted of two or more offenses of domestic violence. *Id.* at (D)(4). The state was required to prove these prior convictions beyond a reasonable doubt. *Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533 at ¶ 8.

{¶ 56} Pursuant to Evid.R. 404(A), "[e]vidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." This general bar is subject to a few exceptions. If the accused puts his character at issue, the state may offer evidence of the accused's bad character. Evid.R. 404(A)(1). *State v. Mann*, 19 Ohio St.3d 34, 36 (1985). Additionally, the state may attack the credibility of the accused by evidence that he was convicted of a crime if the crime was punishable by death or imprisonment in excess of one year if the probative value of the evidence outweighs the danger of unfair prejudice. Evid.R. 609(A)(2).

{¶ 57} A cross-examiner may ask a question if the examiner has a good-faith belief that a factual predicate for the question exists. *State v. Metcalf*, 12th Dist. No. CA2010-12-326, 2012-Ohio-674, ¶ 26. Additionally, "[t]he prosecution is normally entitled to a certain degree of latitude in its concluding remarks." *State v. Vanloan*, 12th Dist. No. CA2008-10-259, 2009-Ohio-4461, ¶ 31, citing *State v. Smith*, 14 Ohio St.3d 13, 13-14 (1984). Indeed, a prosecutor "is at liberty to prosecute with earnestness and vigor, striking hard blows. Yet, he may not strike with foul ones." *Vanloan* at ¶ 31.

{¶ 58} During direct examination, appellant was questioned regarding his prior domestic violence convictions. Initially, appellant testified he was convicted of three prior domestic violence offenses, including the 1997 conviction out of Middletown Municipal Court, even though he was not sure if a case number was correct. On cross-examination, the following exchange occurred between the state and appellant:

[STATE]: Well, [appellant], let's start with those prior convictions. You don't deny the '05 conviction in Butler County Common Pleas Court, nor the '97 conviction in municipal court?

[APPELLANT]: I do not deny none of them.

[STATE]: What's that?

[APPELLANT]: I do not deny any of them.

[STATE]: The one in '97, even though you don't recognize the case number, you, in fact, were convicted of that particular case?

[APPELLANT]: Yes, I was. I pled the Fifth Amendment on that, which I wish I didn't.

[STATE]: Sir, you entered a plea, you pled guilty to that one, did you not?

[APPELLANT]: No I was found guilty.

[STATE]: You were represented by an attorney at that time, correct?
Chris Pagan.

[STATE]: Is it your testimony that you did not enter a plea of guilty or no contest in case number 97—CR97080791?

[APPELLANT]: I pled the Fifth Amendment. So I never put in a plea. I never got to speak.

[STATE]: Well, would you argue with me that this judgment entry says the Court finds that the defendant has been convicted of domestic violence with a prior?

[APPELLANT]: No, I wouldn't argue with that.

[STATE]: That's what it says, and you had counsel.

[APPELLANT]: Yes. Does it say Chris Pagan?

[STATE]: Yes, it does. And you didn't go to trial on that, you pled guilty?

[APPELLANT]: No I did go to trial.

[STATE]: You actually went to trial on that, and were you found guilty?

[APPELLANT]: Yes, we went to trial.

[STATE]: So you were found guilty of that?

[APPELLANT]: Yes.

{¶ 59} Later, the state brought up appellant's prior domestic violence conviction in its closing argument. The state argued, "[l]adies and gentlemen, leopards don't change their spots. They don't become zebras. They don't become lions. They remain leopards; [S]marter leopards maybe, but they're leopards."

{¶ 60} We will begin by addressing whether the court erred when it permitted the state to inquire about appellant's convictions on cross-examination. In this case, appellant's 1997 conviction was not admissible to attack his credibility as it was not punishable in excess of one year. Additionally, the parties do not contend that appellant put his character at issue. Therefore, our inquiry turns on whether the state's questions on cross-examination violated Evid.R. 404(A)'s bar of character evidence to prove action in conformity therewith.

{¶ 61} In light of the fact that the state was required to prove the prior domestic violence offenses beyond a reasonable doubt and appellant did not stipulate to these offenses, the state's questions on cross-examination did not amount to plain error. During direct examination, appellant stated he was unsure whether counsel's recitation of his prior conviction case numbers were correct. When the state attempted to confirm that he was convicted of domestic violence in 1997 even though he did not recognize the case numbers, appellant responded that he "pled the Fifth Amendment." The state's additional questions on cross-examination endeavored to clarify that appellant was found guilty of domestic violence in 1997 and not that he just "pled the Fifth Amendment."

{¶ 62} Additionally, while the state's comments during closing argument are troublesome, the admission of these statements was not in plain error. It is clear that the comments the state made during its closing argument were made in violation of Evid.R.

404(A). The only purpose of the statement "leopard's don't change their spots" was to show that appellant has a bad character and that he was acting in conformity with that character on this occasion. We find this statement especially concerning in light of the fact that this case ultimately turned on whether the jury found appellant or McKnight more credible. However, the admission of this statement did not constitute plain error because even if the state had not argued that the jury could infer from appellant's prior convictions that he had committed the present offense, the outcome of the trial clearly would not have been different. The similarities between the 9-1-1 call and McKnight's testimony, the behavior and physical condition of McKnight the date of the arrest, and appellant's behavior during the arrest all are more supportive of McKnight's version of the facts than appellant's version.

{¶ 63} Further, the trial court instructed the jury that evidence of appellant's prior convictions are not admissible to show the character of appellant or that he acted in conformity with that character. Absent evidence to the contrary, the jury is presumed to follow the trial court's instruction. *Standifer*, 12th Dist. No. CA2011-07-071, 2012-Ohio-3132 at ¶ 38. Therefore, we find the court did not commit plain error in permitting the state to question appellant regarding his 1997 domestic violence conviction during cross-examination.

{¶ 64} Lastly, we disagree with appellant's contention that the cumulative effect of these errors warrants a vacation of his conviction or a new trial. "According to the cumulative error doctrine, 'a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of the numerous instances of trial court error does not individually constitute a cause for reversal.'" *State v. McClurkin*, 12th Dist. No. CA2007-03-071, 2010-Ohio-1938, ¶ 105, quoting *State v. Garner*, 74 Ohio St.3d 49, 64 (1995). We have found that all of appellant's assignments of error are without merit and do not rise to the level of prejudicial error. Consequently, appellant was not deprived of a fair trial and the cumulative error doctrine is inapplicable.

{¶ 65} Appellant's fifth assignment of error is overruled.

{¶ 66} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.