Lanzinger, J.
{¶ 1} We accepted this case to resolve a conflict between the Ninth and Sixth Appellate Districts regarding the proper method for proving prior convictions for purposes of elevating the degree of the offense of domestic violence. State v. Gwen, 129 Ohio St.3d 1407, 2011-Ohio-3244, 949 N.E.2d 1003. The question certified to us is “[wjhether, for purposes of enhancing the offense level in a domestic violence case, the State is required to prove the prior domestic violence convictions by providing a judgment of conviction executed in conformity with Crim.R. 32(C).” State v. Gwen, 130 Ohio St.3d 1407, 2011-Ohio-5477, 955 N.E.2d 1018. The certified question contains an ambiguity, for it may be read to ask either (1) whether the state must use only certified judgment entries to prove prior offenses or (2) whether, when certified entries are offered as proof of prior convictions, they must comply with Crim.R. 32(C). We answer both questions as follows. We hold that while R.C. 2945.75(B)(1) permits the state to prove a prior *285 conviction by submitting a judgment entry of the conviction, the statute does not restrict the manner of proof to that method alone. We hold further that when the state chooses to prove a prior conviction by using a judgment entry, that entry must comply with Crim.R. 32(C).
{¶ 2} We also affirm the judgment of the court of appeals, including the remand for resentencing on Gwen’s conviction of domestic violence as a felony of the fourth rather than the third degree. The appellate court was correct in holding that the state proved only one, not two, prior convictions, and therefore the offense may be elevated only to a fourth-degree felony. But as we will explain, we disapprove of the court of appeals’ statement that a journal entry of conviction need not comply with Crim.R. 32(C). Id. at ¶ 35-37.
I. Background
{¶ 3} Appellant, Jeffrey Gwen, was arrested on March 24, 2009, after his girlfriend called 9-1-1 alleging an incident of domestic violence. The state charged Gwen with one count of domestic violence, in violation of R.C. 2919.25(A), and one count of illegal possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). The domestic-violence charge was enhanced to a third-degree felony under the statute applicable to third-time offenders, R.C. 2919.25(D)(4). Gwen pled not guilty; a jury found him guilty on both counts. He was sentenced to one year of incarceration for domestic violence and 30 days for the drug offense, to be served concurrently.
{¶ 4} On appeal, Gwen challenged the two items that were admitted as evidence of prior domestic-violence convictions, arguing that they did not comply with Crim.R. 32(C) and State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. One item, State’s Exhibit 4, is a certified journal entry from the Summit County Court of Common Pleas, showing that Gwen pled guilty in 2002 to domestic violence as a minor misdemeanor in violation of R.C. 2919.25(A). This was erroneous, however, because domestic violence does not exist as a minor misdemeanor and under R.C. 2919.25(A) is a misdemeanor of the first degree. R.C. 2919.25(D)(2). Gwen was sentenced to six months, which was suspended, and placed on probation for one year.
{¶ 5} The second item, State’s Exhibit 3, consists of a series of documents relating to a charge of domestic violence prosecuted against Gwen in the Akron Municipal Court during 2000 to 2001. It includes a docket statement, a police incident report, a criminal complaint charging Gwen with domestic violence under R.C. 2919.25(A), a temporary protection order, and a journal entry. The certified journal entry is a printed form with spaces provided for the relevant data, such as plea entered, disposition, sentence, and the like. The spaces provided for recording whether Gwen had been found guilty or not guilty are blank. The entry does show that Gwen pled not guilty and that he was sentenced to 30 days, *286 with credit for three days served, fined $50, and ordered to pay costs on the domestic-violence charge. The 30-day sentence was apparently suspended on the condition that Gwen complete a “Time Out” program. On the left margin of the entry appears a handwritten note that says, “2/01 [illegible word] D.V — M4 Menacing.”
{¶ 6} The court of appeals rejected Gwen’s argument that State’s Exhibit 4 was fatally defective because it misidentified the offense as a minor misdemeanor, finding no authority that such an error renders the evidence of conviction inadmissible. Nevertheless, the court held that even if it was error to rely on this entry as proof of a prior conviction, that error was harmless because Gwen had testified that he had been convicted of domestic violence. State v. Gwen, 9th Dist. No. 25218, 2011-Ohio-1512, 2011 WL 1226763, ¶ 39. But on State’s Exhibit 3, the court found the Akron Municipal Court’s disposition of that case to be unclear, and there was no other evidence that Gwen had been convicted of or previously pled guilty to domestic violence in that case.
{¶ 7} The Ninth District therefore affirmed Gwen’s domestic-violence conviction, but as a fourth-degree rather than a third-degree felony, because the state had not presented evidence of at least two prior domestic-violence convictions. Id. at ¶ 28. The court also held that compliance with Crim.R. 32(C) was not a prerequisite to proving a prior offense for purposes of increasing a subsequent charge. Id. at ¶ 36.
{¶ 8} Gwen filed a motion to certify a conflict between districts, arguing that the Ninth District’s opinion conflicts with the Sixth District’s decision in State v. Finney, 6th Dist. No. F-06-009, 2006-Ohio-5770, 2006 WL 3114136, which held that the state was required to prove a prior conviction by providing a judgment of conviction that was executed in conformity with Crim.R. 32(C). We recognized the conflict as certified.
{¶ 9} We revise the question into two parts. The first part, which asks whether a judgment of conviction is the exclusive method of proving a prior conviction under R.C. 2945.75(B)(1), is answered “no.” The second part, which asks whether the judgment entry must comply with Crim.R. 32(C) when the state elects to use it to prove a prior conviction, is answered “yes.”
II. Analysis
A. Proving Prior Convictions of Domestic Violence — “Pleaded Guilty to” or “Convicted of’
{¶ 10} The offense of domestic violence is defined by R.C. 2919.25(A), (B), and (C). A first-time offense is either a misdemeanor of the fourth degree or a misdemeanor of the first degree, depending upon the section of the statute under which the defendant is charged. R.C. 2919.25(D)(2). A second offense is either a *287 felony of the fourth degree or a second-degree misdemeanor. R.C. 2919.25(D)(3). If the offender has “pleaded guilty to or been convicted of two or more offenses of domestic violence,” a subsequent domestic-violence offense is elevated to either a felony of the third degree or a first-degree misdemeanor. R.C. 2919.25(D)(4). Because the state contended that he had already been convicted twice of domestic violence, Gwen was charged with a third-degree felony.
{¶ 11} When the existence of a prior conviction affects the degree of the offense and not just the punishment available upon conviction, it is an essential element of the offense. See State v. Allen, 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987) (an element elevates the degree of the offense; an enhancement provision increases only the penalty). Thus, the state was required to prove that Gwen had “pleaded guilty to or been convicted of two or more offenses of domestic violence.” By using the phrase “pleaded guilty to” as an alternative to “convicted of’ in R.C. 2919.25(D)(4), the General Assembly has allowed the state to offer evidence of a defendant’s guilty plea as proof of a prior offense of domestic violence. And no matter how the state chooses to prove this element, it must be proven beyond a reasonable doubt before the level of the offense may be increased. State v. Henderson, 58 Ohio St.2d 171, 173, 389 N.E.2d 494 (1979).
{¶ 12} In Gwen’s case, the state’s offer of State’s Exhibit 3 as proof of a prior conviction is the only point requiring analysis. State’s Exhibit 4 referred to “minor misdemeanor” domestic violence, which is a nonexistent offense, making the use of the exhibit improper. But Gwen admitted that he had been convicted, so Gwen’s admission served as proof of the prior offense to which Exhibit 4 referred. Any reliance on the document was therefore harmless error.

B. Proof under R.C. 29^5.75(B)

{¶ 13} The General Assembly has enacted a statute specifically addressing proof of a prior conviction. R.C. 2945.75(B) provides:
(1) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.
(2) Whenever in any case it is necessary to prove a prior conviction of an offense for which the registrar of motor vehicles maintains a record, a certified copy of the record that shows the name, date of birth, and social security number of the accused is prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record. The accused may offer evidence to rebut the prima-facie evidence of the accused’s identity and the evidence of prior convictions. Proof of a *288 prior conviction of an offense for which the registrar maintains a record may also be proved as provided in division (B)(1) of this section.
(3) If the defendant claims a constitutional defect in any prior conviction, the defendant has the burden of proving the defect by a preponderance of the evidence.
(Emphasis added.)
{¶ 14} R.C. 2945.75(B)(1) sets forth one way to provide “sufficient” proof of a prior conviction, but does not provide the only method to prove it. For example, an offender may, and often does, stipulate to a prior conviction to avoid the evidence being presented before a jury.
{¶ 15} The question is whether certified entries, when offered as proof, must comply with Crim.R. 32(C) before they may prove a prior conviction.

C. The Conflict Between the Ninth and Sixth Districts

{¶ 16} The Ninth District relied on an earlier decision of its own to say that the state is not required to offer judgment entries that comply with Crim.R. 32(C). State v. McCumbers, 9th Dist. No. 25169, 2010-Ohio-6129, 2010 WL 5141281. In McCumbers, the defendant had been convicted of operating a motor vehicle while under the influence of alcohol or drugs, an offense elevated to a felony when the defendant “previously has been convicted of or pleaded guilty to” five or more similar violations within the last 20 years. R.C. 4511.19(G)(1)(d). To prove the five previous offenses, the state offered McCumbers’s previous sentencing entries, traffic citations, and BMV records into evidence. R.C. 2945.75(B)(2) specifically provides that in cases where the prior offense is one for which the registrar of motor vehicles maintains a record, a certified copy of the record is prima facie evidence of the identity of the accused and of all convictions shown on the record. The state’s evidence was unrebutted. Id. at ¶ 4.
{¶ 17} On appeal, McCumbers contended that three of the entries offered to prove prior convictions were defective under Crim.R. 32(C). R.C. 2941.1413(A). The Ninth District held that the statutory reference to pleas of guilty or convictions meant that the General Assembly intended “the word ‘convicted’ to refer only to a determination of guilt and not a judgment of conviction.” Id. at ¶ 13. In other words, the state would not have to offer a judgment entry of conviction to prove a prior offense. Thus, compliance with CrimuR. 32(C) was not required.
{¶ 18} In the case certified as being in conflict with Gwen’s, the Sixth District considered whether the state had provided sufficient evidence of five prior DUI offenses to raise later charges to felonies of the fourth degree under R.C. 4511.19(G)(1)(d). State v. Finney, 6th Dist. No. F-06-009, 2006-Ohio-5770, 2006 *289 WL 3114136. The statutory language under review was the same as in McCumbers, i.e., a DUI offense being elevated to a felony if, within 20 years of the offense, the defendant previously has been convicted of or pleaded guilty to five or more equivalent offenses. R.C. 2941.1413(A) and 4511.19(G)(1)(d). The Sixth District did not analyze the phrase “or pleaded guilty to” but merely held that because the prior convictions are “an element of the offense, the state was required to prove the prior convictions by providing a judgment of conviction executed in conformity with Crim.R. 32(C).” Id. at ¶ 18.
D. Resolution — Proving a Prior Conviction to Raise the Level of an Offense
{¶ 19} The state would rewrite the statute to say that if court records show that a defendant has either entered a guilty plea or been found guilty of a domestic-violence offense in two prior instances, he or she is subject to being charged with an increased level of domestic violence. But as noted above, R.C. 2919.25(D)(4) requires the state to prove beyond a reasonable doubt that a defendant “previously has pleaded guilty to or been convicted of two or more offenses of domestic violence” before being subject to a penalty for a third-degree felony. When the state chooses to prove a prior offense not through a guilty plea, but via a conviction, and the defendant does not stipulate to the fact of the conviction, the judgment entry of conviction offered must contain the four elements described in Crim.R. 32(C) and in State v. Lester, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. A finding of guilt is not enough.
{¶ 20} We do not agree with the Ninth District’s acceptance of the argument that the word “convicted” refers only to a determination of guilt and not a judgment of conviction. In State v. Henderson, 58 Ohio St.2d at 178, 389 N.E.2d 494, this court held that a sentence must have been imposed before an offender may be regarded as having a prior conviction. “ ‘[CJonviction’ includes both the guilt determination and the penalty imposition.” (Emphasis deleted.) State v. Poindexter, 36 Ohio St.3d 1, 5, 520 N.E.2d 568 (1988). A judgment of conviction does not exist without a sentence. State v. Robinson, 187 Ohio App.3d 253, 2010-Ohio-543, 931 N.E.2d 1110, ¶27 (1st Dist.). And we have determined that a judgment entry of conviction must follow Crim.R. 32(C) to be appealable. State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. A final, appealable judgment entry of conviction must contain (1) the fact of the conviction, (2) the sentence, (3) the judge’s signature, and (4) the time stamp indicating the entry upon the journal by the clerk. State v. Lester, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. When the state chooses to provide a judgment of conviction pursuant to R.C. 2945.75(B)(1), the entry must comply with Crim.R. 32(C). This will be “sufficient” proof of the conviction.
*290 {¶ 21} Gwen objects to the admission of State’s Exhibits 3 and 4, arguing that the entries do not meet the requirements of Crim.R. 32(C) and State v. Baker. The court of appeals agreed that State’s Exhibit 3 was insufficient, and we agree on that point. However, we do not agree that Exhibit 3 need not comply with Crim.R. 32(C). As to State’s Exhibit 4, we also agree with the court of appeals that although the entry is not technically correct in stating the level of offense, Gwen’s own admission that he had been convicted of domestic violence in the case to which that entry referred proves at least one prior offense. Id. at ¶ 39.
III. Conclusion
{¶ 22} We answer the certified question, as modified, in the following way. First, the method set forth in R.C. 2945.75(B)(1) is not the exclusive method for proving a prior conviction. We agree with those appellate courts that have held that other methods may exist to prove the element beyond a reasonable doubt. See, e.g., State v. Frambach, 81 Ohio App.3d 834, 843, 612 N.E.2d 424 (9th Dist. 1992); State v. Chaney, 128 Ohio App.3d 100, 105-106, 713 N.E.2d 1118 (12th Dist. 1998); In re R.B., 6th Dist. Nos. H-10-018 and H-10-019, 2011-Ohio-5042, 2011 WL 4536969, ¶ 10.
{¶ 23} Secondly, we hold that when, pursuant to R.C. 2945.75(B)(1), the state chooses to offer judgment entries to prove the element of prior domestic-violence convictions in order to increase the offense level of a later domestic-violence charge under R.C. 2919.25(D)(4), the judgments must comply with Crim.R. 32(C). In that event, the judgment entry must set forth (1) the fact of a conviction, (2) the sentence, (3) the judge’s signature, and (4) the time stamp indicating the entry upon the journal by the clerk. State v. Lester, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus, explaining Crim.R. 32(C), and modifying State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.
{¶ 24} For the reasons stated, while we disapprove of part of the reasoning contained in the court of appeals’ opinion, we affirm its judgment. See State ex rel. Denton v. Bedinghaus, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 18 (this court will not reverse a correct judgment merely because the reasoning is flawed).
Judgment affirmed.
O’Connor, C.J., and Pfeifer, Cupp, and McGee Brown, JJ., concur.
Lundberg Stratton and O’Donnell, JJ., concur in part and dissent in part.