[Cite as *State v. Greer*, 2013-Ohio-4267.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

  Appellee

  v.

GEORGE T. GREER

  Appellant

C.A. No.  26470

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.  CR 12 01 0008

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, George Greer, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} Late in the evening on January 2, 2012, Greer was found by a passerby, slumped over the steering wheel of his car. His car had been in a collision, was still running, and was half-on, half-off the roadway. It appeared that Greer had struck a telephone pole. The passerby called 911 but before the police arrived, Greer awoke, drove his car down the street, and pulled into a church parking lot. The passerby testified that Greer was unable to keep the car on the roadway as he drove down the street to the parking lot and that he did a "doughnut" in the parking lot before ultimately parking his car in the back of the lot. The police and EMS arrived on scene as Greer was walking away from his vehicle.

{¶3} Officer Daniel Gump and Officer David Crockett testified that Greer smelled of alcohol and had slurred speech and blood shot eyes. Greer refused medical treatment, to perform field sobriety tests, or to provide a breath sample. Officer Gump placed Greer under arrest, and, after it was determined that he had prior convictions for driving under the influence, he was transported to the hospital for a mandatory blood draw.

{¶4} Greer was indicted on (1) possession of marijuana, in violation of R.C. 2925.11(A)(C)(3), a minor misdemeanor; (2) operating a motor vehicle under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(a), a felony of the third degree; (3) driving under suspension, in violation of R.C. 4510.11, a first degree misdemeanor; (4) failure to control, in violation of R.C. 4511.202, a minor misdemeanor; and (5) OVI with a blood alcohol content of .17 or more, in violation of R.C. 4511.19(A)(1)(f), a felony of the third degree. The two OVI counts contained a mandatory prison specification, alleging Greer had been convicted of or had pleaded guilty to five or more OVI offenses within the past twenty years.

{¶5} Greer pleaded guilty to the charges of possession of marijuana and failure to control and was found guilty by a jury of the remaining charges. He now appeals and raises five assignments of error for our review. To facilitate the analysis, we address several of the assignments of error together.

II

Assignment of Error Number One

GEORGE GREER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO COUNSEL, HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AS CONTAINED IN THE UNITED STATES CONSTITUTION, AND HIS OHIO CONSTITUTIONAL RIGHTS UNDER SECTION 16, ARTICLE 1.

**{¶6}** In his first assignment of error, Greer argues that his trial attorney was ineffective because (1) he failed to file a motion to suppress the lab results from the blood alcohol test, and (2) in his motion for acquittal, he failed to argue that the State had not met its burden to show that Greer's blood was drawn in compliance with the Ohio Administrative Code ("OAC").

**{¶7}** To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Accord State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. In Ohio, the burden of proof lies with the defendant because a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62.

**{¶8}** The General Assembly has established the threshold criteria for the admissibility of alcohol test results in OVI cases. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 9. To be admissible, the testing must be done "in accordance with methods approved by the director of health." *Id.*, quoting R.C. 4511.19(D)(1)(b). The Director of Health has set forth regulations for alcohol testing in OAC 3701-53.

**{¶9}** The defendant seeking to challenge the validity of an alcohol test must do so in a pretrial motion to suppress. *Burnside* at ¶ 24. At the suppression hearing, the State then must show that "the test was administered in substantial compliance with the regulations prescribed by the Director of Health." *Id.* "[A]ny statutory and/or regulatory provision not specifically challenged in a motion to suppress is deemed satisfied." *State v. Tomko*, 9th Dist. Summit No. 19253, 1999 WL 1037762, *5 (Nov. 3, 1999), citing *State v. French*, 72 Ohio St.3d 446 (1995), paragraph one of the syllabus.

{¶10} Greer argues that his trial counsel was ineffective because, in his motion for acquittal, he failed to argue that the State had not met its burden to show that his blood was drawn in compliance with the OAC. However, because Greer did not file a motion to suppress, the State was not required to prove substantial compliance. *See Tomko* at *5. Therefore, we cannot conclude that Greer's trial counsel was ineffective for failing to make such an argument.

{¶11} Greer further argues that his trial counsel was ineffective because he failed to file a motion to suppress the blood test results. Specifically, he argues that counsel should have challenged the test results because there is no evidence that his blood was drawn in compliance with the OAC. However, the reason there is no evidence of compliance is because counsel did not file a motion to suppress.

{¶12} An attorney's decision not to file a motion to suppress may be considered a trial strategy. *State v. Downing*, 9th Dist. Summit No. 22012, 2004-Ohio-5952, ¶ 23. Without some indication in the record that it was objectively unreasonable for counsel not to file a motion to suppress, we conclude counsel's decision was a strategic one. Trial tactics, even debatable ones, do not establish ineffective assistance of counsel. *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 146. *Accord State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 152.

{¶13} Lastly, in his supplemental brief, Greer argues that his counsel was ineffective for failing to file a motion to suppress because his blood was drawn without a warrant in violation of his Fourth Amendment rights. In support of his argument, Greer cites to *Missouri v. McNeely*, 569 U.S. ___, 133 S.Ct. 1552 (2013).

{¶14} In *McNeely*, the Court held that the natural metabolization of alcohol in the bloodstream does not create a per se exigency justifying an exception to the Fourth Amendment warrant requirement for nonconsensual blood testing in all drunk-driving cases. *Id*. at 1556. The

Court determined that each case must be reviewed based on the totality of the circumstances to determine whether an exigency exists. *Id*.

{¶15} In Ohio, R.C. 4511.191(A)(5) authorizes a nonconsensual blood draw of a driver that is arrested for OVI and has prior OVI offenses. In 2011, this Court found that statute to be constitutional. *State v. Slates*, 9th Dist. Summit No. 25019, 2011-Ohio-295, ¶ 41-58. While we note that *McNeely* was pending before the Supreme Court at the time of Greer's trial, it cannot be said that counsel's performance was deficient for following controlling precedent. *See State v. White*, 85 Ohio St.3d 433, 452 (1999). *See also State v. Adams*, 7th Dist. Mahoning No. 08 MA 246, 2011-Ohio-5361, ¶ 388. Because Greer has not established that his counsel's performance was deficient for challenging the constitutionality of his nonconsensual blood draw, his claim of ineffective assistance of counsel must fail.

{¶16} Greer's first assignment of error is overruled.

Assignment of Error Number Two

THE COURT ERRED TO THE PREJUDICE OF GEORGE GREER BY FAILING TO EXCLUDE THE STATE OF OHIO'S DOCUMENTS ALLEGING HIS PAST DUI CONVICTIONS OR PLEAS OF GUILTY OR NO CONTEST WITH THE COURT'S FINDINGS OF GUILT, OVER THE OBJECTION OF TRIAL COUNSEL AS SAID JOURNAL ENTRIES DID NOT CONFORM TO CRIMINAL RULE 32.

Assignment of Error Number Three

THE COURT ERRED TO THE PREJUDICE OF GEORGE GREER BY FAILING TO EXCLUDE THE STATE OF OHIO'S EXHIBITS ALLEGING HIS PAST DUI CONVICTIONS OR PLEAS OF GUILTY OR NO CONTEST WITH THE COURT'S FINDINGS OF GUILT, OVER THE OBJECTIONS OF TRIAL COUNSEL BECAUSE THE POLICE OFFICER WAS UNABLE TO PROPERLY IDENTIFY THE GEORGE GREER FROM THIS CASE AS THE SAME GEORGE GREER CONTAINED IN THE STATE'S EXHIBITS 21-27.

Assignment of Error Number Four

THE STATE OF OHIO FAILED TO PROVIDE SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT THE GEORGE GREER IN THE STATE'S EXHIBITS 21-27 IS THE SAME GEORGE GREER BEFORE THE COURT IN THE INSTANT ACTION AND AS SUCH, THE DEFENSE'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29 SHOULD HAVE BEEN GRANTED.

{¶17} In his second, third, and fourth assignments of error, Greer argues that (1) the journal entries of the prior convictions did not comply with Crim.R. 32, and (2) the State did not produce sufficient evidence to establish that Greer was the defendant in the prior cases. We disagree.

{¶18} "'[S]ufficiency' is a term of art meaning that legal standard which is applied to determine * * * whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997), quoting *Black's Law Dictionary* 1433 (6th Ed.1990). "In essence, sufficiency is a test of adequacy." *Thompkins* at 386. Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. *State v. Salupo*, 177 Ohio App.3d 354, 2008-Ohio-3721, ¶ 4 (9th Dist.).

{¶19} When reviewing a conviction for sufficiency, evidence must be viewed in a light most favorable to the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecutor, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. at paragraph two of the syllabus.

{¶20} Greer was charged with, among other things, two OVI counts. Each OVI count contained a mandatory prison specification, alleging Greer had been convicted of or pleaded guilty to five or more OVI offenses within the past twenty years. R.C. 2941.1413. "When a prior conviction actually 'transform[s] the crime itself by increasing its degree[,] * * * [t]he prior

conviction is an essential element of the crime and must be proved by the [S]tate.'" *State v. McCallum*, 9th Dist. Medina No. 08CA0037-M, 2009-Ohio-1424, ¶ 12, quoting *State v. Allen*, 29 Ohio St.3d 53, 54 (1987). Therefore, at trial, the State was required to present sufficient evidence to establish that Greer had five or more OVI convictions within the past twenty years.

{¶21} To prove a prior conviction, the State may, pursuant to R.C. 2945.75(B)(1), submit a certified copy of the judgment entry of the prior conviction. Since Greer's trial, the Ohio Supreme Court has clarified that "R.C. 2945.75(B)(1) permits the [S]tate to prove a prior conviction by submitting a judgment entry of the conviction, [but] the statute does not restrict the manner of proof to that method alone." (Emphasis omitted.) *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, ¶ 1. However, if the State "chooses to prove a prior conviction by using a judgment entry, that entry must comply with Crim.R. 32(C)." (Emphasis omitted.) *Id.* For a judgment entry to comply with Crim.R. 32(C), it "must set forth (1) the fact of a conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at ¶ 23.

{¶22} In addition to the judgment entry, the State must present sufficient evidence to establish that the defendant was the same person that had been previously convicted. R.C. 2945.75(B)(1). A name alone is insufficient to link the defendant to a prior conviction. *State v. Lumpkin*, 10th Dist. Franklin No. 05AP-656, 2006-Ohio-1657, ¶ 16. Courts have found that a combination of identifiers, such as birth date and social security number, is sufficient to establish identity. *See McCallum*, 2009-Ohio-1424, at ¶ 24-25; *State v. Greene*, 6th Dist. Sandusky No. S-01-015, 2001 WL 1606831, *1 (Dec. 14, 2001); *State v. Perkins*, 12th Dist. Madison No. CA97-10-047, 1998 WL 330898, *2-4 (June 22, 1998); *State v. Wilson*, 2d Dist. Champaign No. 96-CA-22, 1997 WL 666159, *4 (Oct. 24, 1997).

State's Exhibit 21

{¶23} State's exhibit number 21 contains a certified copy of a judgment entry from Summit County Court of Common Pleas Case Number CR-06-03-0947, *State v. George T. Greer*. The entry specifies that George T. Greer pleaded guilty to OVI and driving under suspension on July 26, 2006, which the court accepted. The judgment entry sentences Greer to four years in prison for the OVI offense and six months for driving under suspension. The entry was signed by the judge and time stamped by the clerk of courts on September 1, 2006. Accordingly, the judgment entry complies with Crim.R. 32(C). *See Gwen* at ¶ 23.

{¶24} State's exhibit number 21 also contains a certified copy of a final disposition report for Case Number CR-06-03-0947. This report reflects the same information as the judgment entry (that Greer pleaded guilty on July 26, 2006, to OVI and driving under suspension, and was sentenced to four years in prison for the OVI offense and six months in prison for driving under suspension). The report also contains personal identification information of the defendant, George T. Greer. Specifically, the report details Greer as a white male with a date of birth of September 23, 1963, and provides a full social security number.

{¶25} At Greer's trial, the State called Officer Daniel Gump, the arresting officer, to testify. Officer Gump testified to exhibit 21.

> [STATE:] And what is -- as far as identification information is concerned, does it have a soc. and date of birth?
>
> [OFFICER GUMP:] George T. Greer, DOB 9-23-63, and social security number.
>
> [STATE:] And is that the same social security number and DOB of the defendant that you arrested in this case?
>
> [OFFICER GUMP:] DOB is definitely correct and the social security number looks fairly right.

{¶26} Greer argues that this testimony is insufficient to establish that he is the same George T. Greer that was convicted of OVI in Summit County Case Number CR-06-03-0947. However, Officer Gump's above testimony should not be taken in isolation. Also submitted into evidence was State's exhibit 19, the forensic laboratory's chain of custody form. Officer Gump testified that this form is used to track samples of blood when they are taken. The form contains the "[s]ubject's name, address, identifiers, [and] social security number * * *." The identification information on the chain of custody form lists Greer as a white male with a date of birth of September 23, 1963. The form also details a full social security number, which matches the defendant's social security number in exhibit 21. Presented with matching names, dates of birth, and social security numbers, any rational juror could have found Greer was the same George T. Greer that was convicted of OVI in Summit County Case Number CR-06-03-0947.

State's Exhibit 22

{¶27} State's exhibit number 22 contains a certified copy of a judgment entry from Lorain County Court of Common Pleas Case Number 03-CR-062870, *State v. George T. Greer*. The entry specifies that George T. Greer pleaded to, and was found guilty of, OVI and driving under suspension. The judgment entry sentences Greer, is signed by the judge, and is time stamped by the clerk of courts. Accordingly, the judgment entry complies with Crim.R. 32(C). *See Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, at ¶ 23.

{¶28} State's exhibit number 22 also contains a certified copy of the case docket in Case Number 03-CR-062870. The docket reflects the same information as the judgment entry. The report also lists George T. Greer's date of birth as September 23, 1963, and details a full social security number. Officer Gump testified that the name, date of birth, and social security number in this docket sheet all matched those listed in State's exhibit number 21.

{¶29} Greer argues that the State did not provide sufficient evidence to establish identity because Officer Gump's testimony relied on the documents in exhibit 21. As discussed above, the name, date of birth, and social security number all matched those on the chain of custody form, which was submitted to the jury. Therefore, any rational juror could have found, beyond a reasonable doubt, that Greer was the same George T. Greer that was convicted of OVI in Lorain County Case Number 03-CR-062870.

State's Exhibit 23

{¶30} State's exhibit number 23 contains a certified copy of a judgment entry from the Medina County Court of Common Pleas Case Number 01-CR-0403, *State v. George T. Greer*. The entry specifies that George T. Greer pleaded to, and was found guilty of, OVI. The judgment entry sentences Greer, is signed by the judge, and is time stamped by the clerk of courts. Accordingly, the judgment entry complies with Crim.R. 32(C). *See Gwen* at ¶ 23.

{¶31} State's exhibit number 23 also contains a certified copy of the indictment and the prosecutor's request for issuance of summons. The request for summons describes the defendant Greer as a six foot, two inch, white male, with brown hair and blue eyes, weighing 200 pounds. The request also lists Greer's date of birth as September 23, 1963, and provides a full social security number. This social security number, however, is one digit off from that of Greer's. The indictment states that Greer was previously convicted of OVI in Lorain County Common Pleas Court Case No. 00-CR-055603 (State's exhibit 25).

{¶32} Greer argues that because the social security number is not identical, the State failed to prove Greer was the same person that was convicted in Medina County Court of Common Pleas Case Number 01-CR-0403.

{¶33} Officer Gump testified that the physical description of Greer detailed in the request for summons matched the physical characteristics of Greer. Further, the indictment says that Greer was previously convicted of OVI in Lorain case number 00-CR-055603, which is documented in State's exhibit 25. As discussed below, State's exhibit 25 contains the identical name, social security number, and date of birth as those of Greer. Any rational juror could have found, beyond a reasonable doubt, that Greer is the same George T. Greer that was convicted of OVI in Medina County Case Number 01-CR-0403.

State's Exhibit 24

{¶34} State's exhibit number 24 contains a certified copy of a November 2001 judgment entry from Oberlin Municipal Court Case Number 00-TRC-05749. The entry specifies that George T. Greer pleaded no contest to, and was found guilty of, OVI and driving without a license. The judgment entry sentences Greer, is signed by the judge, and is time stamped by the clerk of courts. Accordingly, the judgment entry complies with Crim.R. 32(C). *See Gwen* at ¶ 23.

{¶35} State's exhibit number 24 also contains a certified copy of the traffic ticket with a summons to appear in Oberlin Municipal Court. The ticket lists George T. Greer's date of birth as September 23, 1963. The social security number has been redacted by the clerk of courts. The ticket also identifies Greer as a six foot, two inch, white male, with brown hair and blue eyes, weighing 200 pounds. While Officer Gump did not testify as to the physical descriptors detailed in the traffic ticket, the ticket was admitted into evidence and submitted to the jury. The physical characteristics were exactly the same as those contained in State's exhibit number 23. As noted above, Officer Gump did testify that those characteristics were the same as Greer's.

{¶36} We conclude that any rational juror could have found, beyond a reasonable doubt, that Greer was the same George T. Greer that was convicted of OVI in Oberlin Municipal Court Case Number 00-TRC-05749.

State's Exhibit 25

{¶37} State's exhibit number 25 contains a certified copy of a judgment entry from Lorain County Court of Common Pleas Case Number 00-CR-055603, *State v. George T. Greer*. The entry specifies that George T. Greer pleaded to, and was found guilty of, OVI and driving under suspension. The judgment entry sentences Greer, is signed by the judge, and is time stamped by the clerk of courts. Accordingly, the judgment entry complies with Crim.R. 32(C). *See Gwen* at ¶ 23.

{¶38} State's exhibit number 25 also contains a certified copy of the case docket. The docket reflects the same information as the judgment entry. The docket also lists George T. Greer's date of birth as September 23, 1963, and details a full social security number. Officer Gump testified that the docket contained the "correct social[] and same DOB."

{¶39} Greer argues that the State did not provide sufficient evidence to establish identity because Officer Gump was merely comparing the identification information to the prior exhibits. As discussed above, the name, date of birth, and social security number all matched those on the chain of custody form, which was submitted to the jury. Further, the address of the defendant Greer in case number 00-CR-055603 matched Greer's address listed on the chain of custody form. Any rational juror could have found, beyond a reasonable doubt, that Greer was the same George T. Greer that was convicted of OVI in Lorain County Case Number 00-CR-055603.

State's Exhibit 26

{¶40} State's exhibit number 26 contains a certified copy of the docket from Stow Municipal Court Case Number 1996-TRC-01089, and two corresponding traffic citations. The docket states that George T. Greer pleaded guilty to OVI and driving without a license. The State is not required to prove a prior conviction through a judgment entry. *See Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, at ¶ 22. Because the docket is not a journal entry, the State was not required to prove that it complied with Crim.R. 32(C). *See id*. at ¶ 1.

{¶41} The traffic citations were issued to a George T. Greer with a date of birth listed as September 23, 1963. The social security number has been redacted. The citations describe Greer as a six foot tall male, with brown hair and blue eyes, weighing 160 pounds. The address listed is the same address listed for Greer on the chain of custody form. Viewing the evidence in a light most favorable to the State, we conclude that the evidence is sufficient for a rational juror to have found, beyond a reasonable doubt, that Greer was the same George T. Greer that was convicted of OVI in Stow Municipal Court Case Number 1996-TRC-01089.

State's Exhibit 27

{¶42} State's exhibit number 27 contains a certified copy of the docket from Elyria Municipal Court Case Number 1999-TRC-09652. The docket states that George T. Greer pleaded no contest to OVI and driving under suspension. As discussed above, submitting a judgment entry is only one method the State can use to prove a prior conviction. *Gwen* at ¶ 22. Because the docket is not a judgment entry, it need not comply with Crim.R. 32(C). *See id*. at ¶ 1.

{¶43} Greer's social security number and date of birth listed on the docket are the same as Greer's, as listed in the chain of custody form. The docket further describes Greer as a six

foot, two inch, white male, with brown hair and blue eyes, weighing 200 pounds. Officer Gump had testified that these physical characteristics match those of Greer. We conclude that any rational juror could have found, beyond a reasonable doubt, that Greer was the same George T. Greer that was convicted of OVI in Elyria Municipal Court Case Number 1999-TRC-09652.

Conclusion

**{¶44}** Because all of the judgment entries complied with Crim.R. 32(C), the court did not err in admitting them into evidence. Further, we conclude there is sufficient evidence to establish Greer had five or more OVI convictions within the past 20 years. Accordingly, Greer's second, third, and fourth assignments of error are overruled.

Assignment of Error Number Five

DEFENSE COUNSEL'S FAILURE TO OBJECT TO EACH INDIVIDUAL STATE'S EXHIBIT NUMBER 21-27 AS WELL AS COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS TO EXCLUDE GEORGE GREER'S BLOOD SAMPLE AND/OR TO ARGUE TO EXCLUDE SAME IN HIS RULE 29 MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE CONSTITUTES PLAIN ERROR.

**{¶45}** In his fifth assignment of error, although it appears that Greer intends to argue about his trial counsel's conduct, our review of the argument portion of his brief shows that he contends that the trial court committed plain error in admitting exhibits 21-27 and the results from the blood sample.

**{¶46}** "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). To establish plain error, the defendant must first show that there is error. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

**{¶47}** Greer argues that the court committed plain error by admitting into evidence State's exhibits 21-27 because the State failed to establish that Greer was the defendant in those

cases. Having concluded that the evidence was sufficient to establish Greer was the defendant in the prior cases, we cannot find plain error.

{¶48} Greer further argues that the court committed plain error by admitting the results of his blood sample without evidence that the blood draw was completed in compliance with the OAC. As previously stated, "any statutory and/or regulatory provision not specifically challenged in a motion to suppress is deemed satisfied." *Tomko*, 1999 WL 1037762, at *5, citing *French*, 72 Ohio St.3d at paragraph one of the syllabus. Because Greer did not file a motion to suppress, the blood draw is deemed to have been done in compliance with the OAC. Thus, we cannot conclude that the trial court committed plain error in admitting the blood results without proof of compliance with the OAC.

{¶49} To the extent that Greer argues that his counsel was ineffective for failing to object to the admission of evidence, we note that such analysis is done under *Strickland*, not under plain error. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that but for counsel's deficient performance the result of the trial would have been different. *Strickland*, 466 U.S. at 687. As we concluded in Greer's first assignment of error, his trial counsel was not ineffective for failing to file a motion to suppress. Further, the State's exhibits were properly admitted; therefore, we cannot conclude that counsel's performance was deficient.

{¶50} Greer's fifth assignment of error is overruled.

### III

{¶51} Greer's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶52} I agree that Greer has not demonstrated that trial counsel was ineffective. In considering the first assignment of error, however, I would analyze trial counsel's alleged ineffective assistance regarding his failure to file a motion to suppress solely under the prejudice prong of the *Strickland* test and conclude that Greer has not demonstrated prejudice.

**{¶53}** The Ohio Supreme Court has recognized that a court need not analyze both prongs of the *Strickland* test, where the issue may be disposed upon consideration of one of the factors. *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989). Specifically,

> "'Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing in one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.'"

*Bradley*, 42 Ohio St.3d at 143, quoting *Strickland*, 466 U.S. at 697.

**{¶54}** In this case, there is nothing in the record which this Court can consider to determine whether Greer might have suffered prejudice. Specifically in regard to his supplemental argument that counsel was ineffective for failing to move to suppress his warrantless blood draw, I would conclude that the record is deficient to enable this Court to consider the factors discussed in *Missouri v. McNeely*, 133 S.Ct. 1552 (2013). The *McNeely* court set forth various factors for the trial court to consider when determining whether the natural dissipation of alcohol in the bloodstream gives rise to an exigency which overcomes the Fourth Amendment warrant requirement. For example, the trial court must consider the local procedures in place for obtaining warrants (e.g., the technology available and the proficiency of persons in using faster technological means in creating and disseminating the necessary documents in support of a warrant), and the availability of a magistrate judge who might issue a warrant. *Id.* at 1568. The determination of exigency in cases involving blood draws requires a case-by-case analysis. *Id.* There are no facts in this record to allow this Court to determine

whether a delay in drawing Greer's blood would have resulted in the destruction of evidence so that a warrant was not required in this particular case. In the absence of a record relevant to the issue, we are foreclosed from making any such determination. The issue is one that would better be addressed by way of a petition for post-conviction relief, at which time the trial court could examine factors not in the record before us.

{¶55} In addition, I would not address Greer's fifth assignment pursuant to a plain error analysis. His arguments merely constitute a restatement of his first assignment of error alleging ineffective assistance of counsel. I would consolidate the fifth assignment of error with the first and overrule it for the reason that Greer has failed to establish prejudice.

{¶56} I concur in the remainder of the majority's opinion.


APPEARANCES:

RONALD T. GATTS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.