[Cite as *State v. Scott*, 2015-Ohio-5397.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15-CA-7 |
| | : | |
| JAMES E. SCOTT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court
                             of Common Pleas, Case No. 2014 CR
                             437



JUDGMENT:                    AFFIRMED




DATE OF JUDGMENT ENTRY:      December 21, 2015




APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

GREGG MARX                             AARON CONRAD
FAIRFIELD CO. PROSECUTOR               120½ E. Main St.
ANDREA K. GREEN                        Lancaster, OH 43130
239 W. Main St.
Lancaster, OH 43130

*Delaney, J.*

{¶1} Appellant James E. Scott appeals from the January 30, 2015 Judgment Entry of Sentence of the Fairfield County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Appellant is married to Lacy Scott and the couple have a child together. They live in an up-and-down duplex in the city of Lancaster with the child, along with two of appellant's other stepchildren including T.A., age 16 at the time of these events. Lacy's son Dakota Anderson, an adult, lives in the bottom half of the duplex with friends including Michael Callahan. On October 25, 2014, around 1:00 a.m., Lacy and appellant were in their home and Dakota and friends were in the garage. T.A. heard the sounds of arguing, screaming, and dishes being thrown coming from the upper floor of the duplex and went upstairs. She entered the kitchen and found Lacy on her back on the floor with appellant crouched beside her, choking her with his hands around her neck.

{¶3} T.A. ran for help and Dakota and Callahan responded. By this point appellant and Lacy were arguing in the living room and Dakota attempted to step between them. Appellant repeatedly struck Dakota about the head and face. In the meantime, T.A. called 911. When she said police were coming, appellant ran out of the house and hid in a neighbor's yard.

{¶4} Responding police officers observed red marks to Lacy's neck and bumps and bruises on Dakota's face and head. They looked for appellant but were unable to find him at that point. After police left, appellant returned to the residence to demand

his belongings and Lacy called 911. Appellant fled again but police found him hiding in undergrowth in a yard nearby.

{¶5} Appellant had a cut to his right shoulder which was caused by Lacy stabbing him once with a steak knife. Lacy later testified this act was in self-defense in the midst of appellant's assault upon her; appellant testified the stabbing was the act that initiated the chain of events.

{¶6} Appellant was charged by indictment with two counts of domestic violence pursuant to R.C. 2919.25(A), both felonies of the third degree pursuant to R.C. 2919.25(D)(4). The indictment notes Lacy is the victim of Count I and Dakota is the victim of Count II. Both counts of the indictment further specify:

> Furthermore, [appellant] was previously convicted of or pleaded guilty to two offenses of domestic violence or violations of section 2903.14, 2909.06, 2909.07, 2911.12, 2911.211, or 2919.22 of the Revised Code or any offense of violence involving victims who were family or household members at the time of the commission of the offenses, to wit: June 18, 2004 in Akron Municipal Court, Summit County, Ohio, of R.C. section 2919.25(A), Domestic Violence, in Case No.: 04CRB06455 and October 3, 2013 in Fairfield County Common Pleas Court, Fairfield County, Ohio, of R.C. Section 2919.25(A), (D)(3), Domestic Violence, in Case No.: 13-CR-0392.

{¶7} Appellant entered pleas of not guilty and the case proceeded to bench trial.

{¶8} At trial, appellant did not challenge the second of the cited prior domestic violence convictions. Appellee entered a certified copy of appellant's conviction in the Fairfield County Court of Common Pleas of domestic violence as a felony of the fourth degree in case number 2013-CR-0392 [State's Ex. 24]. Officer William Dotson of the Lancaster Police Department testified on behalf of appellee that he was the arresting officer in that case and that he charged appellant with domestic violence as a felony of the fourth degree because he found a prior domestic violence conviction upon appellant's criminal history.

{¶9} Appellant did challenge appellee's evidence regarding the first domestic violence conviction in Akron Municipal Court. Appellee entered a certified copy of documents from the Akron Municipal Court in case number 04 CRB 06455 [State's Ex. 23]. The documents include the affidavit for complaint signed by Officer V. Tassiello stating appellant grabbed the victim around the neck and pushed her against a door after a verbal argument. The victim is described as a person living as a spouse and the affidavit notes appellant was charged with one count of domestic violence pursuant to Akron Codified Ordinance 135.16. Also attached is a "Plea of Guilty to Charge and Waiver of Rights" signed by appellant indicating he entered a plea of guilty and his plea was accepted by the trial court. The final document is an Akron Municipal Court journal entry dated June 18, 2004 noting the case was disposed of by plea; 180 days of jail were imposed with 166 suspended and credit given for 14 days served on the condition appellant have no contact with the victim. The line of the judgment entry for "Count One," however, is blank—the judgment entry alone does not indicate what offense appellant was convicted of.

{¶10} Appellee also called Officer Tassiello as a witness at trial. Tassiello testified he took the report regarding the domestic violence incident and sought a warrant for appellant's arrest. He was not present when the case was disposed of by plea but he personally obtained the certified copy of the case disposition from the Akron Municipal Court. Tassiello acknowledged the judgment entry of conviction does not state what charge appellant was found guilty of.

{¶11} Appellant testified on his own behalf and acknowledged he has a number of felony convictions. On cross examination, the prosecutor asked appellant whether he was convicted of domestic violence in Akron Municipal Court and he responded "I believe so." The prosecutor clarified whether the offense was a misdemeanor of the first degree and appellant responded, "I don't recall for sure. Yeah, sure." (T. II, 556.)

{¶12} Appellant then acknowledged a March 12, 2009 felony domestic violence conviction in Franklin County. At first appellant said he did not recall what the offense was, but the prosecutor confronted him with a judgment entry and the following testimony was presented:

> * * * *.
>
> [PROSECUTOR]: On March 12, 2009, you don't recall being convicted of domestic violence, a felony of the fifth degree, in Franklin County?
>
> [APPELLANT]: I'm not sure, ma'am.
>
> [PROSECUTOR]: Would seeing a judgment entry refresh your recollection with regard to that?
>
> [APPELLANT]: That it could.

* * * *.  [Prosecutor presents appellant with document.]

[PROSECUTOR]:  I'll repeat the question now that you've had a chance to review that.

Is it true that on March 12, 2009, you were convicted of domestic violence in the Franklin County Court of Common Pleas?

[APPELLANT]:  Yes.

[PROSECUTOR]:  And is it true that that was a felony of the fifth degree?

[APPELLANT]:  That's what it states, yes.

[PROSECUTOR]:  And is it also true that on October 3, 2013, that you were convicted of domestic violence here in Fairfield County?

[APPELLANT]:  Yes.

[PROSECUTOR]:  And that was a felony of the fourth degree?

[APPELLANT]:  Correct.

[PROSECUTOR]:  So you have a total of three prior domestic violence convictions; right?

[APPELLANT]:  I believe that's what it is, yes.

* * * *.

T. II, 557-558.

{¶13} The copy of the Franklin County conviction is not evidence.

{¶14} At the close of appellee's evidence and at the close of all of the evidence, appellant moved for a judgment of acquittal pursuant to Crim.R. 29(A) on the basis that

appellee had not offered sufficient proof of the prior domestic violence conviction in Akron. The trial court overruled the motions and appellant was found guilty as charged.

{¶15} Appellant now appeals from the judgment entry of conviction and sentence of the trial court.

{¶16} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶17} "THE COURT ERRED IN FINDING THERE WAS SUFFICIENT EVIDENCE TO PROVE DEFENDANT HAD TWO OR MORE PRIOR CONVICTIONS FOR DOMESTIC VIOLENCE, AND THUS ERRED IN CONVICTING DEFENDANT FOR DOMESTIC VIOLENCE AS A THIRD DEGREE FELONY."

## ANALYSIS

{¶18} In his sole assignment of error, appellant argues appellee presented insufficient evidence of two or more prior convictions of domestic violence. We disagree.

{¶19} The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶20} In this case, appellant was found guilty upon two counts of domestic violence, both felonies of the fourth degree. R.C. 2919.25(A) and (D)(4) state in pertinent part:

> (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
>
> * * * *.
>
> (D)(1) Whoever violates this section is guilty of domestic violence, and the court shall sentence the offender as provided in divisions (D)(2) to (6) of this section.
>
> * * * *.
>
> (4) If the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, a violation of division (A) or (B) of this section is a felony of the third degree * * *.
>
> * * * *.

{¶21} In this appeal, appellant challenges only appellee's evidence as to the prior domestic violence conviction in the Akron Municipal Court. Having viewed the evidence in the light most favorable to appellee, we find the trial court could rationally find sufficient evidence of this prior conviction.

{¶22} If the existence of a prior offense is an element of a subsequent crime, the state must prove the prior conviction beyond a reasonable doubt and the factfinder must

find the previous conviction has been established in order to find the defendant guilty on the subsequent offense. *State v. Day*, 99 Ohio App.3d 514, 517, 651 N.E.2d 52 (12th Dist.1994). "Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." R.C. 2945.75(B)(1).    Additional evidence beyond a certified copy of a conviction must be offered. *State v. King*, 5th Dist. Stark No. 1999CA0064, unreported, 2000 WL 530048, *4 (Mar. 13, 2000), citing *State v. Blonski*, 125 Ohio App.3d 103, 109, 707 N.E.2d 1168 (9th Dist.1997).   R.C. 2945.75 sets forth one way, but not the exclusive way, of proving prior convictions.   *State v. Chaney*, 128 Ohio App.3d 100, 105, 713 N.E.2d 1118 (12th Dist.1998).

{¶23} Despite a technical error in a judgment entry or in absence of one, the state can prove existence of a prior conviction through testimony at trial that links the defendant to a prior conviction.   *State v. Harrington*, 3rd Dist. Logan No. 8-01-20, 2002-Ohio-2190, ¶ 11.

{¶24} In the instant case, a technical error exists in the certified copy of the judgment entry entered as appellee's Ex. 23: the charge appellant pleaded to is omitted from the finding of guilt and sentence.  The judgment entry alone establishes appellant was convicted of a first degree misdemeanor and his sentence included a no-contact order with the victim.   The affidavit in support of the criminal complaint in the case establishes the charge was domestic violence, as signed by Officer Tassiello and as testified to by Tassiello.

{¶25} Moreover, appellant was subsequently convicted of not one but two felony domestic violence charges in two separate instances, both predicated upon the Akron conviction: the Franklin County case and the Fairfield County case.

{¶26} Finally, appellant admitted to having three prior domestic violence convictions. This case is thus distinguishable from appellant's cited authority, *State v. Gwen*, in which the Ninth District Court of Appeals found the state's evidence of a prior conviction to be insufficient where the evidence only established the initial charge and not the case disposition.  9th Dist. Summit No. 25218, 2011-Ohio-1512, ¶ 28 *aff'd,* 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626.  As the appellate court remarked, "there was no direct testimony that the defendant was convicted of or pled guilty to domestic violence."  Id. at ¶ 28, citing *State v. Ferguson*, 3rd Dist. Union No. 14-02-14, 2003-Ohio-866 [arresting officer's testimony provides sufficient evidence for factfinder that defendant was previously convicted of the offense even though the journal entry does not provide a finding of guilt.]

{¶27} In affirming the judgment of the lower court, the Ohio Supreme Court found that when, pursuant to R.C. 2945.75(B)(1), the state chooses to offer judgment entries to prove the element of prior domestic-violence convictions in order to increase the offense level of a later domestic-violence charge under R.C. 2919.25(D)(4), the judgments must comply with Crim.R. 32(C). In that event, the judgment entry must set forth (1) the fact of a conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Gwen*, 134 Ohio St.3d 284, 290, 2012-Ohio-5046, 982 N.E.2d 626, 632, ¶ 23, citing *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus,

explaining Crim.R. 32(C), and modifying *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶28} The Court noted, though, that the state may opt to use other methods to establish the prior conviction. In fact, "[t]he defendant's own admission that he had been convicted of domestic violence in the case to which that entry referred proves at least one prior offense." *Gwen*, supra, 2012-Ohio-5046 at ¶ 21.

{¶29} We conclude that despite the flaw in the Akron Municipal Court judgment entry, appellee presented sufficient evidence of at least two prior domestic violence convictions. Having examined the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of appellant's guilt beyond a reasonable doubt, we find his conviction upon two counts of domestic violence as felonies of the third degree are supported by sufficient evidence .

{¶30} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶31} Appellant's assignment of error is overruled and the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Baldwin, J., concur.