[Cite as *State v. Braun*, 2016-Ohio-5189.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No.     15CA0084-M |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| MASON BRAUN | COURT OF COMMON PLEAS |
| | COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.     14 CR 0209 |

DECISION AND JOURNAL ENTRY

Dated: August 1, 2016

SCHAFER, Judge.

{¶1}    Defendant-Appellant, Mason Braun, appeals the judgment of the Medina County Court of Common Pleas sentencing him to 36 months in prison for violating the terms of his community control sanction.  We affirm.

I.

{¶2}    On March 26, 2014, the Medina County Grand Jury indicted Braun on one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony.  Braun initially pled not guilty to the sole count in the indictment, but ultimately withdrew his plea and entered a plea of guilty.  The trial court accepted Braun's guilty plea, found him guilty of tampering with evidence, and ordered a presentence investigation report ("PSI").  After reviewing the PSI, the trial court sentenced Braun to five years of community control with specific conditions, including periodic testing for drugs and alcohol.  The trial court expressly admonished Braun both during the sentencing hearing and in its sentencing entry that any

violation of a community control sanction would result in the imposition of a 36-month prison sentence, the maximum sentence for a third degree felony of this nature. *See* R.C. 2929.14(A)(3)(b).

{¶3} In February 2015, Braun's probation officer notified the trial court that Braun had submitted three consecutive drug screens that were "too diluted." As a result, the trial court conducted a probation violation hearing on February 17, 2015 where Braun admitted to violating the terms of his community control. The trial court then found Braun to have violated its community control order. The trial court elected to let Braun continue with his probation on the condition that he serve 30 days in the Medina County Jail and enter and successfully complete the Lorain County Community Based Correctional Facility Program (CBCF). However, the trial court again admonished Braun in its sentencing entry that any further community control violation would result in the trial court sentencing him to 36 months in prison.

{¶4} In October 2015, after Braun was released from the CBCF, Braun's probation officer notified the trial court that Braun's drug screening "initially tested positive for Opiates on [September 3, 2015], which was confirmed positive for Morphine on [September 10, 2015]." The probation officer also informed the trial court that Braun admitted to using heroin in early September 2015. The trial court again conducted a probation violation hearing on September 28, 2015. At this hearing, Braun again admitted to violating the terms of his community control. The trial court then determined that Braun had violated the terms of its community control order and sentenced Braun to 36 months in prison with credit for time already served.

{¶5} On appeal, Braun raises two assignments of error for this Court's review. As we resolve both of Braun's assignments of error on the same basis, we elect to address them together.

II.

## Assignment of Error I

**The trial court erred in sentencing Appellant to a maximum prison sentence by failing to comply with the sentencing requirements of the Ohio Revised Code.**

## Assignment of Error II

**The imposition of a maximum prison sentence was not warranted in light of the actual community control violation.**

{¶6} In his first assignment of error, Braun argues that the trial court erred by not complying with the requirements of R.C. 2929.11, R.C. 2929.12, and R.C. 2929.14 when imposing its sentence in this case. Specifically, Braun contends that the trial court erred by failing to make the requisite findings in support of its imposition of a maximum prison sentence. In his second assignment of error, Braun argues that the trial court's maximum prison sentence was unwarranted due to the nature of his community control violation. We disagree with both of Braun's arguments.

{¶7} In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, Slip Opinion No. 2016–Ohio–1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶8} The Supreme Court of Ohio has held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings

or give their reasons for imposing maximum * * * sentences." *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, paragraph seven of the syllabus. "[W]here the trial court does not put on the record its consideration of [Sections] 2929.11 and 2929.12 [of the Ohio Revised Code], it is presumed that the trial court gave proper consideration to those statutes." (Alterations sic.) *State v. Steidl,* 9th Dist. Medina No. 10CA0025–M, 2011–Ohio–2320, ¶ 13, quoting *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 18 fn. 4. "Unless the record shows that the court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Fernandez,* 9th Dist. Media No. 13CA0054–M, 2014–Ohio–3651, ¶ 8, quoting *State v. Boysel,* 2d Dist. Clark No. 2013–CA–78, 2014–Ohio–1272, ¶ 13.

{¶9}   In the present case, the trial court notified Braun at the original sentencing hearing that the prison term to be imposed upon revocation of his community control sanction would be 36 months. When the trial court subsequently revoked Braun's community control on September 28, 2015, it imposed that very sentence. There is no dispute that the trial court's prison sentence falls within the statutory sentencing range. *See* R.C. 2929.14(A)(3)(b). There is also no dispute that the trial court advised Braun regarding post-release control. Although the record from the community control violation hearing reflects that the trial court did not explicitly discuss the R.C. 2929.11 and R.C. 2929.12 factors during the sentencing phase, the trial court is presumed to have considered these factors prior to imposing sentence because the trial court's sentence fell within the statutory range. *See Steidl* at ¶ 13; *see also State v. Mery,* 5th Dist. Stark No. 2010-CA-00218, 2011-Ohio-1883, ¶ 34, citing *State v. Hines,* 5th Dist. Ashland No. 2005-COA-046, 2006-Ohio-4053, ¶ 9 ("The trial court has full discretion to impose a prison sentence within the statutory range and is no longer required to make findings or give reasons for imposing

maximum * * * or more than the minimum sentences [at a second sentencing hearing following a defendant's community-control violation].").  Accordingly, we conclude that the trial court did not err by imposing a 36-month prison sentence in this matter as such a sentence is neither unwarranted nor clearly and convincingly contrary to law.

{¶10}  Braun's first and second assignments of error are overruled.

## III.

{¶11}  With both of Braun's assignments of error having been overruled, the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

CONRAD G. OLSON, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.