[Cite as *State v. Greer*, 2016-Ohio-8283.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 27998 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GEORGE GREER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2012 01 0008 |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2016

WHITMORE, Presiding Judge.

{¶1} Appellant, George Greer, appeals his sentence from the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Greer pleaded guilty to possession of marijuana and failure to control after driving his vehicle into a telephone pole. A jury also found him guilty of two counts of operating under the influence of drugs or alcohol ("OVI") with prior conviction specifications and one count of driving under suspension. Following merger, the trial court sentenced Mr. Greer to five years on one of the OVI counts and five years on one of the prior-conviction specifications for a total of ten years imprisonment. It also ordered him to pay $1,350 in fines. This Court affirmed his convictions on appeal. *State v. Greer*, 9th Dist. Summit No. 26470, 2013-Ohio-4267. Subsequently, the Ohio Supreme Court held in *State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, that the maximum sentence that can be imposed for an OVI offense, that

is a felony of the third degree, is 36 months. The trial court then scheduled Mr. Greer for resentencing. Following a hearing, the trial court resentenced Mr. Greer to 36 months for the OVI offense and five years on the specification, for a total of eight years imprisonment. Mr. Greer has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH R.C. § 2901.04 AND SENTENCED [MR.] GREER TO THE MAXIMUM PRISON TERM OF THREE YEARS FOR OPERATING UNDER THE INFLUENCE OF ALCOHOL OR DRUGS AND A MANDATORY FIVE YEAR PRISON SENTENCE ON THE PRIOR CONVICTION SPECIFICATION FOR A TOTAL OF EIGHT YEARS IN PRISON.

{¶3} Mr. Greer argues that the trial court was not permitted to sentence him to five years on the prior-conviction specification because R.C. 2929.14(A)(3) indicates that the maximum sentence that can be imposed for an OVI offense that is a felony of the third degree is 36 months. According to Mr. Greer, to the extent that R.C. 2941.1413 conflicts with R.C. 2929.14(A)(3), R.C. 2929.14 takes precedent because it was amended more recently and because such conflicts must be construed liberally in favor of an accused. *See* R.C. 2901.04(A).

{¶4} In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶5} Mr. Greer's argument is based on a misunderstanding about the relationship of the sentencing statutes. The starting point for both Mr. Greer's sentence on the specification and his sentence for the underlying felony OVI offense is R.C. 2929.13. *See* R.C. 4511.19(G)(1)(e). R.C. 2929.13(A) provides that, "[e]xcept as provided in division (E), (F), or (G) of this section * * *, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code." Division (G), which is one of the exceptions mentioned in R.C. 2929.13(A), indicates that, "[i]f the offender is being sentenced for a third degree felony OVI offense, * * * the court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code." R.C. 2919.13(G)(2); s*ee also* R.C. 2929.14(B)(4).

{¶6} In addition to the mandatory prison term required by R.C. 2929.13(G)(2) for the specification, R.C. 2929.13(A) allows the sentencing court to impose a sanction under R.C. 2929.14. R.C. 2929.14(A)(3)(b) provides that the sentencing court may impose a prison sentence of "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months" for the underlying felony OVI offense. *South*, 144 Ohio St.3d 295, 2015-Ohio-3930, at ¶ 18. Accordingly, because R.C. 2929.13(A) allows a sentencing court to apply both R.C. 2941.1413 and R.C. 2929.14, there is no conflict between those sections. The Revised Code authorizes separate sanctions for a prior-conviction specification and the underlying OVI offense. *Id*. at ¶ 1.

{¶7} Mr. Greer also argues that the trial court's imposition of the maximum sentence cannot be supported by the record, noting that he did not injure anyone during his offense except himself. Mr. Greer notes that the eight-year total sentence he received is similar to the sentence

someone would receive for a violent crime such as manslaughter or rape. According to Mr. Greer, a total sentence of four years would have accomplished the purposes of felony sentencing reflected in R.C. 2929.11 without unnecessarily burdening the State.

{¶8} The Supreme Court of Ohio has held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Even if "the trial court does not put on the record its consideration of [Sections] 2929.11 and 2929.12 [of the Ohio Revised Code], it is presumed that the trial court gave proper consideration to those statutes." (Alterations sic.) *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 18 fn. 4. "Unless the record shows that the court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8, quoting *State v. Boysel*, 2d Dist. Clark No. 2013-CA-78, 2014-Ohio-1272, ¶ 13.

{¶9} At the resentencing hearing, the trial court noted the extensive number of convictions Mr. Greer has had for driving under the influence, which a probation officer indicated in Mr. Greer's presentence report is 20. The court found Mr. Greer's professions of remorse and rehabilitation to be insincere, noting that he had told the court when entering his guilty plea that it was "only a DUI." The court also noted that the place Mr. Greer had driven the night of the offense was within walking distance of his home, but that he had exhibited "a total disregard of the law, [and] of the safety of everyone" in choosing to drive instead of walk. Upon review, it determined that Mr. Greer had deserved the maximum sentence at the time of the

original sentencing and that he still deserved the maximum sentence. In its sentencing entry, the court wrote that "not to sentence [Mr. Greer] to a maximum period of incarceration would not adequately protect society from future crimes by [him] and would demean the seriousness of the offense[.]"

{¶10} Upon review of the record, we conclude that the trial court was within its authority when it imposed the maximum sentence on Mr. Greer. We also conclude that the court's findings are supported by the record. We, therefore, conclude that it did not err when it imposed an eight-year prison sentence on Mr. Greer as the sentence is "neither unwarranted nor clearly and convincingly contrary to law." *State v. Braun*, 9th Dist. Medina No. 15CA0084-M, 2016-Ohio-5189, ¶ 9. Mr. Greer's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPOSED MANDATORY FINES UPON [MR.] GREER, WHO THE TRIAL COURT KNEW WAS INDIGENT AT THE TIME OF SENTENCING.

{¶11} Mr. Greer next argues that the trial court incorrectly imposed a mandatory fine on him under R.C. 2929.18 because he was indigent at the time of sentencing. R.C. 2929.18(B)(1) provides that, for certain offenses, "the sentencing court shall impose upon the offender a mandatory fine * * *." If the offender, however, "alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine * * *, the court shall not impose the mandatory fine[.]" *Id*. Mr. Greer argues that the trial court should not have imposed a mandatory fine on him because he submitted an affidavit of indigency in January 2012 and again in June 2015, only a few months before the resentencing hearing. He argues that the trial court's failure to properly follow the sentencing statutes constitutes plain error.

**{¶12}** The Ohio Supreme Court has explained that R.C. 2929.18(B)(1):

> clearly requires that a sentencing court shall impose a mandatory fine upon an offender unless (1) the offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine, and (2) the court determines that the offender is in fact an indigent person and is unable to pay the mandatory fine.

*State v. Gipson*, 80 Ohio St.3d 626, 631 (1998). The affidavit of indigency that Mr. Greer submitted in January 2012 indicated that he was financially unable to retain private counsel without substantial hardship to him or his family. The affidavit of indigency that is in the record from June 2015 is attached to a motion that Mr. Greer submitted in one of his prior appeals in this action, a copy of which he filed in the trial court. According to that motion, Mr. Greer could not pay the deposit or any other costs associated with filing an appeal. In his attached affidavit, Mr. Greer averred that he could not "afford to pay for any legal services, fees, or costs in the [previous appeal]."

**{¶13}** At no time prior to the issuance of the resentencing entry did Mr. Greer submit an affidavit indicating that he could not pay the mandatory fine that the trial court was required to impose. He, therefore, failed to satisfy his burden under R.C. 2929.18(B)(1). *State v. Moore*, 9th Dist. Summit Nos. 22146, 22216, 2005-Ohio-3304, ¶ 32. Because "the required filing * * * is, in effect, a jurisdictional issue[,] * * * the trial court could not have avoided imposing the statutory fine[.]" *Gipson* at 633. We, therefore, conclude that Mr. Greer has not established error, let alone plain error. Mr. Greer's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

[MR. GREER] RECEIVED INEFFECTIVE ASSISTANCE FROM HIS TRIAL COUNSEL.

**{¶14}** Mr. Greer also argues that his trial counsel was ineffective because he did not object to the trial court's failure to follow R.C. 2929.18(B)(1) during the resentencing hearing.

According to Mr. Greer, even though the trial court's failure to follow the statute should constitute plain error, his counsel could have prevented the fine from being imposed at the resentencing hearing.

{¶15} To prevail on a claim of ineffective assistance of counsel, Mr. Greer must establish (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for his counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. This Court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). In addition, to establish prejudice, Mr. Greer must show that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Strickland* at 694.

{¶16} This Court has determined that, because Mr. Greer did not submit an affidavit indicating that he was unable to pay the mandatory fine, the trial court was required to impose it under R.C. 2929.18(B)(1). Mr. Greer's counsel, therefore, did not perform deficiently or cause any prejudice to Mr. Greer when he did not object to the imposition of the mandatory fine at the resentencing hearing. Mr. Greer's third assignment of error is overruled.

III.

{¶17} Mr. Greer's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JAMES W. ARMSTRONG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.